JOHN M. BUCHANNAN *vs.* HENRY S. MEISNER.

Middlesex.    March 11, 1932. — June 27, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Practice, Civil,* Appeal: failure to prosecute seasonably; Proceedings in district court.    *District Court,* Appellate Division.

An appellate division of a district court under G. L. c. 231, § 108, in the amended form appearing in St. 1931, c. 426, § 116, is not a new court but acts for the time being as another department, section or division of the court whose decision is under review.

The judges of an appellate division have jurisdiction to consider and to pass upon a motion to dismiss, for failure to meet the requirements of G. L. c. 231, § 135, as amended by St. 1929, c. 265, § 1; St. 1931, c. 219, § 1, an appeal from an order of the division dismissing a report by a trial judge of a district court, and a motion by the appellant to extend the time within which such requirements must be met; and appeals from orders made upon such motions bring to this court the propriety thereof.

The judges of an appellate division of a district court have no power to grant a motion to extend the time within which, under the requirements of the second paragraph of § 135 of G. L. c. 231, in the amended form appearing in St. 1931, c. 219, § 1, the estimated expense of an appeal from action of such division must be paid to the clerk of the District Court, if such motion is not presented until after expiration of the time for such payment limited by the statute.

TORT. Writ in the First District Court of Eastern Middlesex dated December 17, 1929.

In the District Court, the action was heard by *Brooks*, J., who found for the plaintiff in the sum of $8,500 and reported the action to the Appellate Division for the Northern District. Proceedings therein and appeals from orders made upon certain motions there presented by the defendant are described in the opinion.

*R. Donovan*, for the defendant.

*P. M. Foss*, for the plaintiff.

RUGG, C.J. This action at law was tried on its merits in a district court. The finding was for the plaintiff. The case then came before the Appellate Division and it was ordered that the report be dismissed. The defendant claimed an appeal. The clerk of the court gave to counsel for the defendant notice in writing under date of June 12, 1931, of the amount of the estimate of the expense of preparation and transmission of the necessary papers and copies of papers for entry of the case in the full court. The defendant did not within the twenty days thereafter specified by the governing statute (to be quoted later) pay to the clerk the amount of the estimate, but did make such payment five days after the expiration of that time. On July 16, 1931, the plaintiff filed a motion to vacate the appeal and the defendant a motion for an extension of time in which to pay the amount of the estimated expense. These two motions were heard and considered and disposed of by a single "Decision and Order" whereby the Appellate Division ordered that the plaintiff's motion to dismiss the appeal of the defendant be allowed and that the defendant's motion to extend time for payment of the estimated expense be denied. Thereupon the defendant appealed from the action of the Appellate Division allowing the plaintiff's motion to dismiss the defendant's appeal. He did not appeal from its action denying his motion to extend the time for paying the estimated expense.

The action of the Appellate Division on each motion was the equivalent of a final decision against the defendant on the whole subject matter involved in the litigation and

terminated the controversy, so that, if its order respecting either order were affirmed, the District Court would have nothing to do but to execute the decision already rendered. The case was ready for final disposition on either order. So far as concerns finality of decision, the defendant might have appealed from its action on either or both motions. *Real Property Co. Inc.* v. *Pitt,* 230 Mass. 526. *Demers* v. *Scaramella,* 252 Mass. 430. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253.

The defendant has unnecessarily jeopardized his rights by the narrow nature of his appeal. It would have been simple to appeal from the decision and order as a whole, or to appeal from the order respecting each motion. He has undertaken to limit the scope of his appeal by confining it to the granting of the plaintiff's motion to dismiss the defendant's appeal. See *Simmons* v. *Fish,* 210 Mass. 563, 572. It is apparent that the Appellate Division granted that motion as a necessary consequence of its decision touching the defendant's motion to extend time for paying the required amount to the clerk. The two motions were dealt with in a single opinion devoted almost entirely to the discussion of the defendant's motion. The two motions were disposed of in a single decision and order. The defendant has substantially no standing if his appeal is construed literally. For these reasons, though with hesitation, the case is considered in all its aspects.

A preliminary question arises as to the jurisdiction of the Appellate Division to consider the motions. It is provided by G. L. c. 231, § 135, as most recently amended in its second paragraph by St. 1931, c. 219, and c. 426, § 301, that the "court in which the case is pending, or any justice or judge thereof, may, for cause shown after hearing, extend the time for doing any of the acts required by this paragraph." One of these "acts" is the payment to the clerk of the "estimated expense" of preparation of papers. The Appellate Division is composed of judges of duly established district courts: they are designated to perform a special and a comparatively recently created judicial duty under

conditions prescribed by the Legislature. The establish-
ment of Appellate Divisions was a plan adopted by the
General Court to relieve the congestion of other courts and
to provide for the expeditious disposition of litigation in a
way devoid of complication, easily accessible to the people,
and at much less cost to litigants and the public treasury
than the method previously existing. The plan made use
of judges already appointed and provided for their designa-
tion to new duties to the end that the administration of
justice might be simplified, might not be delayed, and might
be more efficient. Judges already in the public service were
utilized for additional judicial work in courts already erected
and constituted within the several territorial subdivisions
of the State thereby created. No salary is paid to the
judges as members of the Appellate Division except that a
special additional daily stipend is paid to a judge acting in
the Appellate Division of a district court other than the
District Court of which he is judge. The Appellate Divi-
sion is not a new court. It has no clerk. It has no seal.
It assembles at intervals to rehear such matters of law
arising in civil causes in district courts as may properly be
brought before it. It acts for the time being as another
department, section or division of the court whose decision
is under review. That is the plain effect of the statutes by
which the Appellate Divisions were established, first for the
Municipal Court of the City of Boston, and later for all
other district courts. It is made especially clear from the
statutory words most recently adopted descriptive of its
nature, viz.: "There shall be an appellate division of each
district court for the rehearing of matters of law arising in
civil causes therein." G. L. c. 231, § 108, and §§ 110A,
110B, 110C inserted by St. 1922, c. 532, §8, all as most
recently amended by St. 1931, c. 426, §§ 116, 119.

We are of opinion that the judges of the Appellate Divi-
sion had authority, sitting temporarily as judges of the
District Court in which the case at bar was pending, to
consider and pass upon these motions. *Commonwealth* v.
*Leach,* 246 Mass. 464, 472–473.

The defendant did not comply with the peremptory

requirements of the governing section of the statute requiring the payment to be made within twenty days after the date of the notice from the clerk containing the estimate of the expense. The terms of the statute are mandatory on this point. They provide that the party having the obligation to cause the necessary papers to be prepared for presentation of the case to this court "shall give to the clerk . . . within ten days after the case becomes ripe" for that purpose, "an order in writing for the preparation" of the necessary papers and copies, and that the clerk "shall make an estimate of the expense" thereof and "shall give such party notice in writing of the amount of such estimate. Such party, within twenty days after the date of such notice from the clerk . . . shall pay to him the amount of such estimate . . . ." G. L. c. 231, § 135, as amended by St. 1931, c. 219; c. 426, § 301. This statute is the latest enactment in the development of a legislative policy designed to prevent undue delays in the presentment of cases to this court by establishing specified, compulsory and unmistakable dates for taking necessary steps. *Charbonneau* v. *Guillet*, 278 Mass. 153, 155, and cases collected.

It is in the light of this purpose of the statute that the meaning of its words already quoted from said § 135 as amended must be ascertained to the effect that the court may "extend the time" for doing any of the acts therein required. This statute in its general aspects stands on the same footing as that concerning the filing of bills of exceptions. It relates to the same general subject matter. It must be given the same construction. It would be vain to construe statutes as to the filing of exceptions with strictness and to give a loose construction to statutes specifying with equal definiteness the subsequent steps as to preparation of records for presentation to this court. The statutes all belong to the same class. They express a legislative design to prevent delay touching identical procedure in the courts. It seems plain that the Legislature intended that they should be interpreted as having the same meaning. A long line of cases holds that extension of time for taking essential steps in the filing and allowance of exceptions

must be granted by the court before the time theretofore limited has expired. *Hack* v. *Nason,* 190 Mass. 346. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, 152. *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462, 465. The case is quite distinguishable from cases illustrated by *Boston Morris Plan Co.* v. *Barrett,* 272 Mass. 487, 490, which relate to different procedure.

The motion for extension of time was filed by the defendant after the expiration of the time limited by the statute. It was rightly denied because the court was then without power to grant it. It follows as a necessary consequence that the plaintiff's motion to dismiss must be allowed.

*Decision and orders affirmed.*