EDWARD STANWOOD & another *vs.* ADAMS GARAGE INC. & others.

Middlesex.     October 5, 1932. — January 5, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Appeal: want of prosecution.

Under G. L. (Ter. Ed.) c. 231, § 135, a judge of the Superior Court has no power to allow a motion by an appellant in a suit in equity to extend the period of twenty days within which he must pay to the clerk the estimated cost of preparing the papers on appeal, where such motion is not filed until after the expiration of said twenty days.

BILL IN EQUITY, filed in the Superior Court on November 20, 1931, with a common law writ dated November 13, 1931.

After hearing by a master, a final decree was entered by order of *Gray,* J., dismissing the bill. Proceedings with reference to the plaintiffs' appeal are described in the opinion.

The case was submitted on briefs.

*H. A. Harding & R. M. Smith,* for the defendants.

*J. A. Vitelli,* for the plaintiffs.

RUGG, C.J. This suit in equity was brought for the purpose of having declared null and void a promissory note or agreement and other instruments and of securing return to the plaintiffs of certain shares of stock. Final decree establishing the binding effect of the note and declaring the amount due thereon, and dismissing the bill, was entered on April 11, 1932. On April 20, 1932, the plaintiffs appealed from the final decree and gave order for preparation of papers for transmission to this court. On April 22, 1932, notice in writing of the estimated cost of the prepa-

ration of such papers was sent by the clerk of courts. No payment of this estimated cost was made within twenty days thereafter. On May 27, 1932, motion was filed on behalf of the plaintiffs praying that the court grant an extension of time for making such payment. On June 6, 1932, order was entered by the trial judge extending the time for making such payment to and including June 7, 1932. Such payment was made accordingly. The defendants appealed from this order.

The requirements of G. L. (Ter. Ed.) c. 231, § 135, to the effect that payment of the estimated cost be made "within twenty days after the date of such notice from the clerk" is peremptory. It was held in *Buchannan* v. *Meisner*, 279 Mass. 457 (decided after the entry of the order in the case at bar), that by the true interpretation of the statute such an order must be entered within the period of twenty days and cannot be entered effectively after that period has expired. On the authority of that case, it follows that the order in the present case must be reversed.

Even if the case be considered on the footing of a motion by the plaintiffs to enter their appeal late, *Dondis* v. *Lash*, 277 Mass. 477, 482, or on its merits, no reversible error is shown. The case was heard by a master and there is no transcript of the evidence. In such case the findings of the master must be accepted as true, since they are not repugnant one to another. *Nelson* v. *Belmont*, 274 Mass. 35, 39. Those findings are decisive against the plaintiffs.

*Order extending time for payment of*
*estimated cost reversed.*
*Plaintiffs' appeal dismissed.*