CATHERINE E. FLOOD *vs.* MARY R. GRINNELL.

SAME *vs.* HAROLD D. GRINNELL.

Suffolk. March 7, 1934. — April 5, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Practice, Civil,* Exceptions: dismissal for failure to prosecute, allowance and establishment.

After the expiration of ten days from the time when a case becomes ripe for final preparation and printing of the record, the trial judge has no power to make an order extending the time within which the order in writing for the preparation of such papers and copies for transmission to this court, as required by G. L. (Ter. Ed.) c. 231, § 135, must be given.

Two ACTIONS, the first of CONTRACT, and the second of CONTRACT OR TORT. Writs dated May 7, 1928, and July 30, 1930.

In the Superior Court, the actions were tried together before *Fosdick*, J., who ordered a verdict for the defendant

in each action.    Proceedings respecting the plaintiff's bills of exceptions are described in the opinion.    The defendant in each action alleged exceptions to the denial of his motion and to the allowance of the plaintiff's motion.

*M. B. Warner*, (*J. M. Graham* with him,) for the defendants.

*W. R. Scharton*, (*M. Palais* with him,) for the plaintiff, submitted a brief.

RUGG, C.J.    In each of these cases a bill of exceptions of the plaintiff was allowed on November 27, 1933, but no order in writing was given to the clerk of the Superior Court, in which the cases were pending, within ten days after each case became ripe for final preparation and printing of the record, for the preparation of such papers and copies for transmission to the full court as required by G. L. (Ter. Ed.) c. 231, § 135.    On January 6, 1934, the defendant in each case filed a motion to dismiss the plaintiff's bill of exceptions for failure to give such order.    On January 12, 1934, the plaintiff filed in each case a motion to extend the time within which such order might be given until January 17, 1934.    The judge allowed these motions of the plaintiff and denied the defendants' motions to dismiss.

The trial judge after the expiration of the ten days specified in § 135 had no power to grant the motions of the plaintiff.    It has been decided that under this enabling statute the power to extend the time for giving the order must be exercised by the court before the time theretofore limited has expired.    *Buchannan* v. *Meisner*, 279 Mass. 457.    *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452.    Those decisions govern the cases at bar.    In each case the motion of the plaintiff to extend the time for giving the order ought to have been denied and the motion of the defendant to dismiss the bill of exceptions ought to have been granted.    The exceptions must be sustained and orders entered accordingly.

*So ordered.*