MOREY & COMPANY, INC. *vs.* RICHARD F. SWEENEY.

Suffolk.    April 2, 1934. — June 27, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Appellate division: request for report, report; Filing of papers; Rules of court.

After a finding for the plaintiff at the hearing of an action in the Municipal Court of the City of Boston, a request for report and a draft report were tendered by the defendant to the clerk, who refused to receive them on the ground that they were not seasonably offered; and judgment for the plaintiff was entered. In a petition by the defendant to vacate the judgment, it was determined by this court that such papers had been seasonably offered and should have been received; the peti-

tion thereafter was allowed accordingly in the Superior Court; the record of the Superior Court was duly certified to the Municipal Court about two weeks later; and notice thereof was sent on the same day to the parties. On the day when notice was sent, or the next day, the defendant again tendered to the clerk of the Municipal Court the request for report and the draft report, but was informed by the clerk that they were not necessary because the defendant "was entitled to a new trial." After a conference with the plaintiff's attorney, the defendant's attorney delayed taking further action while waiting to hear from the plaintiff's attorney, who had said that he would have to consult his client. About a month after the sending of such notice, the plaintiff filed a motion for judgment. Before hearing of the motion, the defendant repeated his tender of such papers, and again was informed that it was unnecessary to file them. The motion by the plaintiff was allowed, the judge who heard it refusing a request by the defendant for a ruling that he "was entitled to have . . . [such papers] filed . . . *nunc pro tunc.*" *Held*, that

(1) After certification to the Municipal Court of the allowance of the petition to vacate judgment, the whole purpose of which was to enable the defendant to file the request for report and the draft report, those papers ought to have been received and filed when they were tendered;

(2) The request for ruling by the defendant was sufficient to bring the matter of the defendant's right to file such papers to the attention of the judge who heard the plaintiff's motion for judgment, and it was error to refuse such request for ruling;

(3) The last paragraph of Rule 39 of the Municipal Court of the City of Boston (1928), later Rule 30 of the Municipal Court of the City of Boston (1932), was not applicable in the circumstances;

(4) The allowance of the plaintiff's motion for judgment was error.

REPLEVIN. Writ in the Municipal Court of the City of Boston dated December 5, 1929.

Proceedings in the action are described in the opinion. In January, 1933, a motion by the plaintiff for judgment was allowed in the Municipal Court by *Dowd*, J. A report to the Appellate Division was dismissed. The defendant appealed.

*J. J. Higgins*, for the defendant.

*G. D. Shorey*, for the plaintiff.

RUGG, C.J. This action was tried in the Municipal Court of the City of Boston on June 6, 1930. Notices of a finding in favor of the plaintiff were sent on July 29, 1930, but did not reach the attorney for the defendant, who was absent from the Commonwealth, until after the usual time for filing claim of report and draft report had expired. On his return the attorney attempted to file claim of report

and draft report within the time allowed after receiving actual notice. The clerk refused to receive them. Judgment was entered against the defendant in conformity with the face of the record and under G. L. (Ter. Ed.) c. 235, § 2. The defendant then filed and prosecuted a petition to vacate the judgment. That petition, although allowed in the Municipal Court, was denied in the Superior Court. That case was before us in *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, on exceptions taken at a trial of that petition in the Superior Court. The exceptions of the petitioner, the present defendant, were sustained on June 28, 1932. The petition to vacate judgment was allowed in the Superior Court on September 22, 1932, and judgment in that court was entered in favor of the petitioner, the present defendant, on October 17, 1932. The record of the Superior Court in that action was procured by the plaintiff to be certified to the Municipal Court of the City of Boston on November 4, 1932, and notice thereof was sent on the same day to the parties. The defendant admitted receiving the notice on that day. The plaintiff on December 2, 1932, filed a motion to have judgment for the plaintiff entered in accordance with the finding of the court of July 28, 1930. That motion came on for hearing on December 15, 1932. The finding was adverse to the defendant, who asked for report. The trial judge filed a report concerning that hearing. He there refers to "facts" set forth in an affidavit filed by the defendant. Those facts, so far as material, are that the attorney for the defendant on November 4 or 5, 1932, tendered to the clerk of the court the request for report and draft report which had been tendered in August, 1930, and was informed that it was not necessary as "the defendant was entitled to a new trial," and that he repeated the tender on December 9, 1932, with the same result. Other facts so set forth are that he had a conference with the attorney for the plaintiff, who stated that he was not sure that he would be in the case for further proceedings and that he would have "to consult with the surety company," and that the defendant's attorney delayed taking action waiting to hear from his opponent. The trial judge

further states in his finding: "An examination of the record of this court discloses that at no time since November 4, 1932, has the defendant perfected his right to file a request for a report and a draft report by filing the same with the clerk of this court." The trial judge denied the defendant's requests for rulings and allowed the motion to enter judgment for the plaintiff. The defendant claimed a report to the Appellate Division and from its adverse decision brings the case here.

The questions reported by the trial judge are the denial of the defendant's requests for rulings and the allowance of the motion of the plaintiff to have judgment entered in accordance with the finding of the court made on July 28, 1930. The defendant filed two requests for rulings: (1) that he was entitled to have a new trial, and (2) that he "was entitled to have his request for a report and his draft report filed in this court nunc pro tunc." The first request has not been argued and is treated as waived.

It is manifest from the report that the constant endeavor of the defendant has been to get his request for a report and his draft report respecting the original trial, decision on which was filed on July 28, 1930, on the record of the Municipal Court to the end that they might be acted upon. The clerk has constantly refused to receive them. In view of intrinsic facts not appearing at the outset on the record of the court, but subsequently ascertained by the proceeding to vacate the judgment, those papers have been found and ruled to have been offered seasonably for filing. 279 Mass. 495. But they were not received by the clerk and the case went to judgment. Until after the filing of the certificate from the Superior Court showing that the petition to vacate the judgment had been allowed, there was nothing on the record of the Municipal Court to show that the defendant's request for report and draft report had been offered for filing or ought to be filed. The whole purpose of the petition to vacate judgment was to enable the defendant to file his request for report and draft report. When those papers were offered again for filing on November 4 "or the day after" and on December 9, 1932, they ought

to have been received and filed. The defendant might have been more persistent in seeking an order by the court to compel the clerk to perform his duty in this regard. *Cambridge Savings Bank* v. *Clerk of Courts*, 243 Mass. 424. There is no finding, however, that there was laches on the part of the defendant in delaying from October 17, 1932, when the judgment was entered in the Superior Court, or from November 4, 1932, when certificate thereof was filed in the Municipal Court, to seek such an order before the hearing upon the plaintiff's motion for judgment. Seemingly such finding would hardly have been warranted. No facts have been found justifying a refusal to allow the filing of the papers of the defendant. The request of the defendant that he was entitled to have his papers filed brought the matter before the trial judge. The form of the request did not warrant its refusal. The defendant had established his right to file his papers when they first were presented in August, 1930. The phrase of the request that he was entitled to have those papers filed *nunc pro tunc* (*Perkins* v. *Perkins*, 225 Mass. 392) was strictly in accord with the right thus established. That request ought to have been granted. It was sufficient in form to require an affirmative ruling to the effect that the papers ought to be accepted for filing. See *Bride* v. *Clark*, 161 Mass. 130; *Black* v. *Buckingham*, 174 Mass. 102, 107; *Bergeron* v. *Forest*, 233 Mass. 392, 402; *Bogert* v. *Corcoran*, 260 Mass. 206, 209; *Roche* v. *Gryzmish*, 277 Mass. 575, 580. Compare *Gardiner* v. *Brookline*, 181 Mass. 162, 163; *Aste* v. *Putnam's Hotel Co.* 247 Mass. 147, 152. The defendant plainly had the right to have his papers filed. He had been deprived of that right by the persistent refusal of the clerk to receive them for filing. There is nothing on the record to show that the defendant had lost that right. He was entitled to a remedy for this wrong.

It is provided by the concluding paragraph of Rule 30 of the Municipal Court of the City of Boston (1932), formerly Rule 39 of that court (1928), that if final action by the trial judge upon a claim of report is not taken within three months after the cause becomes otherwise ripe for

judgment and no petition for establishment has been filed, the cause shall proceed as though no such claim for a report had been made, unless the Appellate Division shall allow further time. That rule is inapplicable to the facts of this record. The defendant had been unable to get upon the files of the court his appropriate papers. He prevailed in his petition to vacate judgment on the very ground that his papers were not filed because of the unwarranted action of the clerk in refusing to receive them when offered for filing. The defendant adopted an appropriate remedy for the initial wrong done him. He accepted the record of the court as made by the clerk.

The application of Rule 30 of the Municipal Court cannot justly deprive the defendant of the right assured to him by the judgment of the Superior Court. That rule was designed according to its terms to operate upon a state of facts which did not exist if the record of that court be deemed to be true. By that record, until corrected, the defendant was bound. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 179. Even the granting of the requested ruling of the defendant would not render that rule applicable. In truth his papers were not upon the files of the court until actually filed. Until thus filed the rule cannot with justice begin to operate to bar his rights.

It is not necessary to inquire what other remedies might have been open to the defendant to secure correction of the record of the Municipal Court and the filing of his papers. See *Kelly* v. *Foley*, 284 Mass. 503; *Bryer* v. *American Surety Co. of New York*, 285 Mass. 336, and cases cited. Compare *Bennett* v. *Powell*, 284 Mass. 246, 248–249. The defendant sought a remedy which was open to him and in which he prevailed. He was entitled to have favorable judicial attention paid to the rights which he had established.

> *Order of Appellate Division dismissing*
> *report reversed. Order of judgment*
> *for plaintiff reversed.*