KATHERINE J. HUBBARD vs. SOUTHBRIDGE NATIONAL BANK
& others.

Worcester.   September 21, 1936. — March 29, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Appeal.

An appeal from a final decree in a suit in equity properly was dismissed where it appeared that, after the appellant had paid the amount of an estimate of expense of preparation of the record made by the clerk before the filing of a transcript of evidence, the transcript was filed and the clerk notified him of additional expense for the printing thereof, that the appellant then delayed more than twenty days and filed what purported to be a waiver of the printing of the evidence and a statement that he was willing to rest his case upon a report of material findings which had been made by the trial judge; and that he had not paid the amount of the clerk's estimate of expense for printing of the transcript of evidence.

BILL IN EQUITY, filed in the Superior Court on April 9, 1935.

The suit was heard and a final decree entered by order of *Broadhurst*, J.  Motions to dismiss an appeal by the plaintiff were heard and a decree allowing them entered by order of *Whiting*, J.  The plaintiff appealed.

The case was submitted on briefs.

*M. L. Glazer*, for the plaintiff.

*H. P. Small*, for Southbridge National Bank and another.

*D. F. Gay & E. S. Prendergast*, for Universal Credit Company.

RUGG, C.J.  The plaintiff by this suit in equity seeks to have set aside a declaration of trust, a mortgage, and a note signed by her upon the ground that they were signed by her under duress and against her will and without fair and adequate information.  The case was heard by a judge of the Superior Court after the appointment under G. L. (Ter. Ed.) c. 214, § 24, of a person to take the evidence. The trial judge filed findings, rulings, and an order for a de-

cree. Final decree was entered on October 22, 1935, dismissing the bill with costs. The plaintiff claimed an appeal from that decree on October 24, 1935, without filing at that time a transcript of the evidence. On October 29, 1935, she filed a request for preparation of the case for the full court. An estimate of the cost was duly mailed to the plaintiff and was seasonably paid by her on November 25, 1935. A transcript of the evidence was filed on June 1, 1936. Notice in writing of the additional estimate covering the cost of printing the transcript was mailed by the clerk of courts to the plaintiff under date of June 9, 1936. The plaintiff filed, on June 30, 1936, a waiver of printing the evidence and a statement that she was willing to rest her case before the full court on the pleadings and report of material findings by the judge. The plaintiff not having paid to the clerk of courts the amount of this estimate within twenty days after the date of the notice of such estimate, as required by G. L. (Ter. Ed.) c. 231, § 135, the defendants, on July 3, 1936, filed motions to dismiss the plaintiff's appeal. These motions contained allegations of the appointment of some one to take the evidence at the trial before the judge, of the entry of the final decree, and of the filing of an appeal by the plaintiff without filing therewith a transcript of the evidence, all as above stated. These motions contained allegations of the further facts that the plaintiff did not pay within twenty days after June 9, 1936, as required by G. L. (Ter. Ed.) c. 231, § 135, the amount of the estimate for printing the evidence, and that the so called waiver of printing the evidence was filed without notification to the defendants and without their consent to the waiver. The prayers of the motions were that the appeal be dismissed (1) for want of prosecution and (2) because the appeal and so called waiver were frivolous and intended merely for delay. On July 27, 1936, these motions were allowed after hearing and a decree was entered dismissing the appeal. From this decree the plaintiff appealed.

It is provided by G. L. (Ter. Ed.) c. 231, § 135, that, "In order to carry any question of law . . . from any other court to the full court of the supreme judicial court upon

appeal . . . the party having the obligation to cause the necessary papers hereinbefore specified to be prepared shall give to the clerk . . . of the court in which the case is pending, within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing for the preparation of such papers . . . As soon as may be after receiving such written order, the clerk . . . shall make an estimate of the expense of the preparation . . . and shall give such party notice in writing of the amount of such estimate. Such party, within twenty days after the date of such notice from the clerk . . . shall pay to him the amount of such estimate . . . ." It was said in *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 84: "Under the practice existing immediately prior to the enactment of St. 1931, c. 219 (G. L. [Ter. Ed.] c. 231, § 135), the clerk had the duty of procuring the transcript of evidence. *Niosi* v. *Leveroni*, 274 Mass. 115. *Martell* v. *Moffatt*, 276 Mass. 174. By that statute, the clerk was relieved of that duty, and by implication it was put upon the appellant, who became bound to use reasonable diligence in procuring the transcript. See *Cunningham* v. *First Banker's Union, Inc.* 259 Mass. 595. 'If . . . an appellant . . . neglects . . . to take the necessary measures by ordering proper copies to be prepared or otherwise for the hearing of the case,' his appeal may be dismissed. G. L. (Ter. Ed.) c. 231, § 133. St. 1933, c. 300, § 2." It follows that the duty of going forward with the perfection of the appeal, including the procurement of the transcript of the evidence, rested upon the plaintiff as the appealing party. *Buchannan* v. *Meisner*, 279 Mass. 457, 461.

Where an appealing party is willing to take an equity appeal to the full court without a transcript of the evidence, and the prevailing party would not be prejudiced, that course may be followed provided there has been due expedition to that end. *Wyness* v. *Crowley*, 292 Mass. 459. The question is whether the plaintiff has adopted correct procedure to avail herself of this course. She seasonably claimed her appeal from the final decree. Then an interval of more than six months elapsed before she filed the tran-

script of evidence. She waited another month before she manifested a desire not to have the evidence printed, which was after the expiration of the twenty days from the date of the notice from the clerk of courts containing the estimate of expense. Within that twenty-day period she filed no statement of her desire in the office of the clerk of courts, and gave no notice of that desire to the defendants. She did not pay the estimate. She failed to comply with peremptory requirements of the statute. *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452.

Those delays of the plaintiff, her belated attempt to waive printing the evidence, and her endeavor to rely solely on the original appeal without the evidence, are of some significance as bearing upon the *bona fide* nature of the appeal.

It is doubtful whether her later appeal is properly before this court under St. 1933, c. 300, § 2. If, however, the proceeding be considered on the footing that there has been an intent to comply with that statute, there is no reversible error. *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452.

To support the contention of the plaintiff would tend to promote confusion and uncertainty of practice. The motions to dismiss the appeal were granted. That imports a finding of all subsidiary facts necessary to justify the conclusion reached. *Manzi* v. *Carlson,* 278 Mass. 267, 273. No reason appears for disturbing the disposition of the motions in the Superior Court.

If, however, the original appeal be considered, the plaintiff shows no reversible error. Since there is no report of the evidence, the findings of fact by the trial judge must be accepted as true. They are not inconsistent with each other. The entry of the final decree dismissing the bill implies the drawing of all rational inferences against the plaintiff so far as necessary to that result. It ought not to be changed. *Peabody* v. *Dymsza,* 280 Mass. 341. *Seager* v. *Dauphinee,* 284 Mass. 96, 98. *Karas* v. *Karas,* 288 Mass. 460, 462.

*Decree dismissing appeal affirmed with costs.*