Zottoli, J.
This is an action of contract in which the plaintiff seeks to recover from the defendant for an alleged breach of warranty as to the capacity of a certain air compressor, and for the costs incurred by the plaintiff in repairing the said compressor. The defendant’s answer, now material, is a general denial and payment.
A trial was had on the merits on November 3,1948, which resulted in a finding for the plaintiff on November 15, 1948. The defendant claiming to be aggrieved by the trial judge’s denial of certain requests for rulings seasonably filed a draft report, on November 20, 1948. The record shows the report was not allowed within the three months period following the filing of the draft report as required by Rule 30 of the Municipal Court of the City of Boston (1940). On February 21,1949 the docket entry was made of “Cause proceeds under Rule 30.” Thereafter the docket entries showing the proceedings and actions of the said court up to and including the filing by the defendant of the present report are as follows:
*216 February 24, 1949 (Thursday) On defendant’s motion action continued one week for judgment, Bakroit, J. February 28,1949 (Monday) 'Continued March 12, 1949 for judgment by order of court on defendant’s motion. March 4, 1949 (Friday) Defendant’s motion re report. March 7,1949 (Monday) Motion to extend the time for action on defendant’s claim of report to March 21,19491 inc. allowed, by Appellate Division. March 21, 1949 (Monday) Defendant files petition to establish report. April. 4, 1949 (Monday) Petition to establish report-heard and decision reserved. April 5, 1949 (Tuesday) Defendant orally waives petition to establish report in open court. April 5, 1949 (Tuesday) By order of Appellate Division defendant has leave to file, forthwith, motion to extend time for action by trial judge on defendant’s claim of report to April 21, 1949. April 20, 1949 (Wednesday) Court on its own motion orders a new trial. April 22, 1949 (Friday) Plaintiff' files draft report. . April 25, 1949 (Monday) Plaintiff files request for hearing on draft report. April 25, 1949 (Monday) Plaintiff files motion for judgment. April 25, 1949 (Monday) Plaintiff files motion for judgment. May 2, 1949 (Monday) Plaintiff’s motions (3 papers) for judgment heard & reserved, Keniston, G. J. May 10, 1949 (Tuesday) Plaintiff’s motion that judgment be entered as of April 8, 1949 on the finding-made November 15, 1948, allowed, Kenistoet, G. J. May 17, 1949 (Tuesday) Defendant files draft report.
It appears from the report before us that No “motion to extend the time for action by the trial judge on defendant’s claim of report to April 21, 1949” in accordance with the order of the Appellate Division of April 5, 1949 was ever filed by the defendant. The three motions filed April 25, 1949 by the plaintiff for judgment are as follows:
“Now comes the plaintiff and moves that judgment be entered for the plaintiff as of March 18, 1949, on the finding made November 15,1948.”
“Now comes the plaintiff and moves that judgment be entered for the plaintiff as of March 25,1949, on the finding made November 15, 1948.”
*217 “Now comes the plaintiff and moves that judgment he entered for the plaintiff as of April 8, 1949', on the finding made November 15, 1948.”
The court on May 10, 1949, after hearing allowed the motion for entry of judgment as of April 8, 1949, as indicated by the docket entry of May 10, 1949, and took no action upon the other two motions.
The defendant claimed to be aggrieved by the allowance of the motion for entry of judgment as of April 8, 1949, and the judge has reported that alleged grievance to the Appellate Division for determination.
It appears that there is no dispute as to the vital facts in the case. This division has before it all the facts necessary for determining' the question in dispute and to direct judgment be entered as required by established law.
By G. L. c. 231, § 110, the Appellate Division of this court has “all the powers relating to civil actions tried without a jury given by section one hundred twenty-four ... to the Supreme Judicial Court.”
The pertinent part of section 124 of said chapter 231 provides as follows: “Whenever a question in dispute at the trial of an issue of fact in any civil action or proceeding depends upon the decision of a question of law, the full bench of the Supreme Judicial Court, upon appeal, exceptions or report or otherwise, may if satisfied that it has before it all the facts necessary for determining the question in dispute, direct such judgment ... or other action taken as shall accord with the determination of the full court . . .”
Since there is no dispute as to the vital facts in the ease the ultimate question presented is one of law rather than fact.
It appears from the record reported that the case was ripe for judgment on February 21, 1949, when the entry was made of “Cause proceeds to judgment under Buie *218 30.” It follows that ordinarily, it would have gone to judgment on “ten o’clock in the forenoon of the Friday following,” as provided by Gr. L. c. 235, § 2. On the record before us, the case did not go to judgment on the Friday following the date the case was ripe for judgment because the case was continued to “March 12th, 1949' for judgment by order of the court on defendant’s motion.” On that date, the case automatically went to judgment in accordance with the court’s order on the defendant’s motion. This being so, the entry of judgment should have been made on the docket of the court on that date. It follows that all proceedings shown by the record after March 12, 1949, when the case went to judgment, were extra-judicial and of no effect. It further follows that the allowance of the motion for the entry of judgment as of April 8, 1949' was erroneous; that the correct date for the entry of judgment was March 12, 1949 and that a docket entry should be made accordingly.
In view of the fact that the defendant has in its brief raised a number of jurisdictional questions, it may be useful to again blaze the legal trail leading to the conclusion we have reached. It was early decided that by Statute 1912, c. 649, § 8 the Municipal Court of the City of Boston “was given authority to make rules to regulate the preparation and submission of reports and the allowance of those disallowed by a single judge.” Burbank v. Farnum, 220 Mass. 514, 515; Morey & Co., Inc. v. Sweeney, 287 Mass. 210, 215. Furthermore, it is well settled that every court of record has an inherent power to make rules for the transaction of its business. The general principle of the cases is that the grant of jurisdiction carries with it by implication the power to use the necessary means to exercise and enforce jurisdiction. Commonwealth v. New York Central & Hudson River R. R., 206 Mass. 417, 429. The *219 Municipal Court of the City of Boston is a judicial tribunal of superior and general jurisdiction. G. L. (Ter. Ed.) c. 218, § 4. Inherently it has wide power to do justice within its jurisdictional field of action and to adopt procedure to that end. Fanciullo v. B. G. & S. Theatre Corp., 297 Mass. 44, 50, 51; Crocker v. Justices of the Superior Court, 208 Mass. 162, 179; Boyajian v. Hart, 312 Mass. 264, 266.
See Gr. L. (Ter. Ed.) c. 218, § 50 authorizing the Municipal Court of the City of Boston to “make rules for regulating the practice and conducting the business therein in all cases not expressly provided for by law.” Collins v. Godfrey, Adm., Mass. A. S. (1949) 895, 899. Pursuant to that power, the Municipal Court of the City of Boston duly promulgated rules for the preparation and submission of reports. Among others it established Rule 30 (1940) formerly Rule 30 (1932) and Rule 29 (1924). It is provided by the concluding paragraph of said Rule 30 (1940) that “if final action by the trial judge upon any claim of report, other than interlocutory matter, is not taken within three months after the filing of a draft report, and no petition for establishment has been filed, the cause shall proceed as though no such claim of report had been made, unless the Appellate Division for cause shown shall allow further time.”
It is well settled that a general rule of court, duly authorized and promulgated, has the force of law and is binding upon the court and the parties, and until repealed must be applied to all cases which come within it. Thompson, et al. v. Hatch & Tr., 3 Pick. 512, 516; Cram v. Moore, 158 Mass. 276, 277; Famigletti v. Neviackas, Mass. A. S. (1949) 315.
It appears from the record in this case that final action bv the trial judge upon the claim of report — was not taken within three months after the filing of a draft report, and *220 no petition for establishment was filed as required by Bule 30 (1940) above referred to. It further appears that the Appellate Division did not, within said period of three months, allow further time for the filing of a petition to establish a report. It follows, therefore, that unless the Appellate Division had the power, after the three months period provided by Bule 30, above referred to, had elapsed, to grant an extension of time for the filing of a petition to establish, the cause proceeded to judgment as though no claim of report had been made. Sullivan v. Jordan, 310 Mass. 12, 15.
We feel the conclusion is inevitable that the Appellate Division, after the expiration of the three months period specified in Bule 30 above specified, had no power to grant the motion extending the time provided by the rule.
It is well settled that “the procedure by petition, as in the analogous case of petition to prove exceptions is strictissimi juris.” John Henry Co., Pet’r, 222 Mass. 182; Calcagno v. P. H. Graham & Sons, 313 Mass. 364, 367. It is established by a variety of cases that the power to extend the time provided for in rules of this nature must be exercised by the court before the time theretofore limited has expired. Hack v. Nason, 190 Mass. 346; Barnard Manuf. Co. v. Eugen C. Andres Co,. 234 Mass. 148, 151, 152; Herbert v. G. E. Lothrop Theatres Co, 273 Mass 462, 465; Buchannan v. Meisner, 297 Mass. 457, 461, 462; Stanwood v. Adams Garage, Inc., 281 Mass. 452; Flood v. Grinnell, 286 Mass. 214, 215; Cobb v. Chickatawbut Club, 220 Mass. 146.
These decisions, in principle, govern the case before us. It follows from what has been said that all action taken after the ease went to judgment on March 12, 1949 was extra-judicial and of no legal effect.
Beport dismissed.