**390** 326 Mass. 390

Royal Tool & Gauge Corp. *v.* Clerk of the Courts for the County of Hampden.

ROYAL TOOL & GAUGE CORPORATION *vs.* CLERK OF THE COURTS FOR THE COUNTY OF HAMPDEN.

Hampden. September 21, 1950. — November 2, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Equity Pleading and Practice,* Appeal; Master: report of evidence. *Mandamus.*

A petition for a writ of mandamus to compel a clerk of the Superior Court to prepare the record of the petitioner's appeal from a final decree in a suit in equity without printing a transcript of evidence taken before a master and without including the cost of printing such transcript in the clerk's estimate of expense under G. L. (Ter. Ed.) c. 231, § 135, as amended, properly was dismissed where the petitioner's appeal had been dismissed for want of seasonable prosecution and this court had denied him relief under G. L. (Ter. Ed.) c. 211, § 11, as appearing in St. 1933, c. 300, § 1.

PETITION, filed in the Supreme Judicial Court for the county of Hampden on January 19, 1950, for a writ of mandamus.

The case was heard by *Wilkins,* J., by whose order judgment dismissing the petition "as matter of law" was entered.

The case was submitted on briefs.

*G. Askinas,* for the petitioner.

*G. H. Mason,* for the respondent.

QUA, C.J. This is a petition for a writ of mandamus brought in this court. The petitioner appeals to the full court from a judgment dismissing its petition, entered by order of a single justice. The object of the petition is to compel the clerk to prepare the record of the petitioner's appeal in a suit in equity in the Superior Court brought by it against one Gustafson and others without printing a transcript of evidence taken before a master in that cause but never presented in the form of a transcript to the master

or to the judge of the Superior Court, and without including the cost of printing such a transcript in his estimate of the expense under G. L. (Ter. Ed.) c. 231, § 135, as amended.

Unless the judge of the Superior Court ordered the master to report the evidence heard by him, which on the face of the record in the case now before us seems highly unlikely, the evidence heard by the master was not part of the record on appeal in the equity suit, and the cost of printing it could not properly be included in the clerk's estimate of expense under the statute. *Lindsay* v. *Swift*, 230 Mass. 407, 409. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 282. *Joyner* v. *Lenox Savings Bank*, 322 Mass. 46, 57–58. *Lowell Gas Co.* v. *Department of Public Utilities*, 324 Mass. 80, 91. And it does not appear that there was compliance with Rule 90 of the Superior Court (1932), which makes provision for a report of a summary of the evidence in certain circumstances. *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 43–44. See *Minot* v. *Minot*, 319 Mass. 253, 259–260.

But even if the clerk wrongly insisted upon printing the evidence, this is now immaterial, since facts found by the single justice of this court in the present mandamus proceeding show that the petitioner, (plaintiff in the equity suit) has long since lost its appeal in that suit altogether and cannot now compel the clerk to prepare any appeal record therein, with or without the transcript. On February 3, 1949, the clerk notified the petitioner (plaintiff in the equity suit) of the amount of the clerk's estimate, which included the item for printing the transcript. Instead of paying the amount of this estimate within the period of twenty days allowed by § 135, the petitioner (then plaintiff) on February 24, which was the twenty-first day, filed (1) a motion "to delay payment of printing costs" and (2) a motion "to delete transcript." On March 4 it filed (3) a "motion to delete notice of estimate." On April 20 one of the defendants in the equity suit filed a motion to dismiss the petitioner's (plaintiff's) appeal. On November 21 the three motions of the petitioner (plaintiff) were denied and

the petitioner's (plaintiff's) appeal was dismissed for failure to prosecute it seasonably. Thereafter, by reason of the provisions of the second sentence of G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2, the sole remedy of the petitioner was by petition to this court under G. L. (Ter. Ed.) c. 211, § 11, as appearing in St. 1933, c. 300, § 1. *Moskow* v. *Murphy*, 310 Mass. 249, 251. See *Hubbard* v. *Southbridge National Bank*, 297 Mass. 17, 20. Such a petition was presented to this court and on December 12, 1949, was dismissed for reasons which this court deemed sufficient. This ended all right of the petitioner to appeal.

Even if the petitioner's right of appeal had not been lost, it would seem that the petitioner's remedy for any failure of the clerk to prepare the record in a pending case in accordance with the law would have been by simple motion in the court in which the case was pending for a direction to the clerk to take the proper steps and not by an independent petition for a writ of mandamus. *Cambridge Savings Bank* v. *Clerk of Courts for County of Hampden*, 243 Mass. 424. *Morey & Co. Inc.* v. *Sweeney*, 287 Mass. 210, 213–214. Compare *Thompson* v. *Sleeper*, 168 Mass. 373, 376–377. Such a motion could have been accompanied, if necessary, by a motion to extend the time for paying the amount of the clerk's estimate, but it would have been necessary to procure allowance of the motion to extend before the expiration of the twenty days. See *Buchannan* v. *Meisner*, 279 Mass. 457, 460–462; *Stanwood* v. *Adams Garage, Inc.* 281 Mass. 452; *Flood* v. *Grinnell*, 286 Mass. 214.

*Judgment affirmed.*