*Southern District*

No. ...............

## THOMAS F. KILROY

v.

## EDWARD M. JOYCE

*Present*: Callan, J. (Presiding) and Sgarzi, J.

Case tried to Cox, J., in the District Court of Eastern Norfolk. No. 80704.

*Sgarzi, J.* This is an action of contract tried on the merits which resulted in a finding for the plaintiff. The defendant, being aggrieved by the disposition of certain requests for rulings of law and for other causes claimed a report which was established by this Division and ultimately dismissed.

From this dismissal of the established report the defendant seasonably claimed an appeal to the Supreme Judicial Court. G. L. c. 231, §109. Later, on June 21, 1957 he filed a motion to strike the opinion, finding and order of the Appellate Division which motion was heard and denied by this Division on July 25, 1957.

In accordance with the defendant's order for the preparation of the necessary papers for transmission of the appeal to the Supreme Judicial Court, the Clerk of the District Court made the estimate of expense required by G. L. c. 231, §135 and gave notice of the estimate to the defendant on September 4, 1957. On September 20, 1957, within the twenty day period set forth in the above statute the defendant filed a motion to extend the time for paying the costs of printing. This motion was heard by a justice who allowed

an extension of ten days from September 24, 1957, the date of the hearing.

On September 30, 1957 the defendant filed another motion to further extend the time for payment of the estimated expense. This motion was heard on October 3, 1957 *and denied.* The defendant thereupon requested a report of its denial and the case is now before us on the defendant's claim that he is aggrieved by the action of the judge in denying his motion.

It is interesting to note that this was the second motion filed by the defendant for an extension of time. The first one was filed within the time prescribed by G. L. c. 231, §135 and was addressed to the sound discretion of the judge. An extension of time was granted and no claim is made by the defendant that any error of law was committed by the judge in the disposition of this motion.

The motion before us was filed on Sept. 30, 1957, more than twenty days after the clerk gave notice of the estimate of expense. While the statute provides that the judge may, for cause shown after hearing extend the time for payment of the estimated expense, this has application only to a motion filed within the twenty day period. The statute is an expression of a legislative policy designed to prevent undue delays in the presentment of cases to the Supreme Judicial Court. *Charbonneau v. Guillet,* 278 Mass. 153.

█ Since the motion was filed after the statutory period had expired, the Court was without authority to allow it and it was properly denied. *Royal Tool & Gauge Corp.*

*v. Clerk of Courts,* 326 Mass. 390; *Flood v. Grinnell,* 286 Mass. 214; *Buchannan v. Meisner,* 279 Mass. 457; *Stanwood v. Adams Garage, Inc.,* 281 Mass. 452.

■ In any event the motion being one addressed to the discretion of the court, there was no abuse of discretion in its denial and therefor no prejudicial error. *Charbonneau v. Guillet,* 278 Mass. 153.

■ Examination of the record in this case discloses that it was begun by writ and declaration filed on December 10, 1949. The docket entries cover nine typewritten pages. There have been two trials on the merits and the case has been before this Division no less than ten times. The hearings before this Division have included petitions to establish report, hearings on reports, motions for rehearing and motions to strike. The conclusion is inescapable that the defendant has no intention of accepting the decisions of the court, and is determined to evade for as long as possible the ultimate entry of judgment. *Bay State Cafe Inc. v. Cohen,* 336 Mass. 758. In the circumstances disclosed, the claim of the defendant is frivolous and intended for delay. The report is ordered dismissed, no further proceedings are to be entertained by this Division and double costs are hereby imposed. G. L. c. 231, §108.

............................ for the plaintiff.
............................ for the defendant.