Noonan, J.
This appeal arises out of a District Court judge’s denial of a motion to extend time to docket an appeal. The case regards an accident that occurred at 83 Brookline Street in Worcester, Massachusetts. A suit was filed on or about March 24, 2010. Ultimately, the defendants filed a motion to dismiss, which was allowed because the plaintiff failed to show good cause as to why proper service could not have been made pursuant to Mass. R. Civ. P., Rule 4®. On September 20,2011, after argument, this Appellate Division affirmed the trial court's decision allowing the motion to dismiss.
On October 6,2011, the plaintiff timely filed in the trial court a notice of appeal of this Division’s decision. On October 24, 2011, the trial court clerk’s office, not the plaintiff, assembled the record and filed with the Appeals Court the notice of appeal, docket sheet, and other documents. On November 23, 2011, the plaintiff sent a letter to the trial court clerk’s office asking that office to file the appeal with the Appeals Court, which had been done on October 24, 2011. The plaintiff states he did not receive notice of the October 24, 2011 filing of the appeal by the trial court clerk’s office. The plaintiff on November 23, 2011 further notified the trial court that there was no request for a cassette or transcript. This notification should have been done within 10 days of the filing of the notice of appeal. Mass. R. A. R, Rule 9(c) (2) (iii). On February 27,2012, after apparently finding out about the October 24,2011 filing, the plaintiff filed a motion to extend time to docket the appeal, which was subsequently denied. The plaintiff now appeals this denial.
The duty of going forward with the perfection of an appeal rests with the appellant. Hubbard v. Southbridge Nat’l Bank, 297 Mass. 17, 19 (1937). In this matter, the trial court denied a motion to extend time to docket an appeal some 154 days after the notice of appeal had been filed. The plaintiff was required to do a number of things within a specified time and did little, if any, and none timely. The plaintiff places this blame squarely on the shoulders of the trial court clerk’s office for failing to notify the plaintiff of the appeal being filed with the Appeals Court. “It is the obligation of counsel, not the clerk, to monitor the progress of their cases.” Brown v. Quinn, 406 Mass. 641, 644 (1990).
The plaintiff sent a letter to the trial court clerk’s office on November 23, 2011, asking the clerk to file the appeal. At that time, the plaintiff need only have consult *216 ed the docket, and he would have seen that this had been done on October 24,2011. The plaintiff apparently did not check the docket for some time to see if the clerk’s office had responded to his November 23rd letter because the motion to extend time was not filed until February 27, 2012.
The plaintiff argues that his transgressions were minor (i.e., merely not paying a fee), but he acknowledges it was the trial court clerk’s office that assembled the record and not the plaintiff, thereby not complying with Mass. R. A. R, Rules 8(b) (1), 9(c)(2), 10(a)(1), and 10(a) (3).
The plaintiff further argues that the motion judge ignored the claims of a meritorious case. Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975). In reality, the plaintiff offers no real valid excuse for his earlier neglect in not having the defendants properly served.
For those reasons, this Division concurs with the trial court that the plaintiff did nothing substantial to perfect the appeal as required by rule and that there was no meritorious claim on appeal. The motion judge did not abuse his discretion in denying the motion to extend time to docket the appeal.
Accordingly, the ruling denying the motion to extend time to docket an appeal is affirmed.