GEORGE R. CHERRY *vs.* ASA AUGER & others.

Bristol.   January 6, 1938. — May 26, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Appeal: dismissal for failure to order preparation of papers; Motion.

After entry in this court of the printed record of an appeal in a suit in equity in the Superior Court, this was the proper court in which to present a motion not previously presented in the Superior Court to dismiss the appeal for failure to give the clerk of the Superior Court the order in writing required by § 135 of G. L. (Ter. Ed.) c. 231 for preparation of the appeal papers.

A letter to a clerk of courts merely requesting "an estimate for the preparation" of appeal papers in a suit in equity did not meet the requirement in § 135 of G. L. (Ter. Ed.) c. 231 of an "order in writing" and, although the appellant intended the letter to be an order, the appeal was dismissed for lack of compliance with the statute.

Notice of the filing in this court of a motion to dismiss an appeal was not invalid merely because it was given the day before the motion was filed.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated August 1, 1936.

After entry in this court of appeals by the defendants, the plaintiff filed a motion that the appeals be dismissed.

*G. P. Ponte,* (*S. E. Bentley* with him,) for the plaintiff.

*A. Auger,* for the defendants.

RUGG, C.J.    This suit in equity was brought in the Superior Court by the plaintiff against the defendants who, were alleged to be his copartners and the heirs, legatees, devisees or personal representatives of deceased copartners, for contribution of their share of money paid by the plaintiff to a bank on a note of the partnership. A final decree was entered in favor of the plaintiff on June 23, 1937. A claim of appeal from this decree was filed on July 9, 1937, in behalf of various defendants. Two others filed an appeal on July 12, 1937. On July 9, 1937, a letter of this tenor, referring to the case by name, was written by the attorney for the defendants to the clerk of courts: "Please obtain an estimate for the preparation of the record for the appeal to the Supreme Judicial Court by certain defendants represented by us, which appeal was filed this day. Enclosed you will find a suggestion of the necessary documents which have to be printed and those which need not be printed." This statement was followed by a further suggestion of an appointment for conference concerning documents to be printed. On August 6, 1937, a letter containing an estimate of cost of preparation of the case for the full court was sent by the clerk of courts to the attorney. On August 7, 1937, check for the amount of that estimate was sent by the attorney for the defendants to the clerk of courts, which was received on August 9, 1937. The transmitting letter simply stated that the check was enclosed to pay for the preparation of the case for the full court as estimated in the letter of the clerk of courts of August 6, 1937. The case was entered on the docket of the full court on October 2, 1937.

A motion was filed in the full court on October 28, 1937, that the appeal be dismissed for failure to comply with the requirements of G. L. (Ter. Ed.) c. 231, § 135. The relevant provisions of that section are these: "In order to carry any question of law . . . to the full court . . . the party having the obligation to cause the necessary papers . . . to be prepared shall give to the clerk . . . of the court in which the case is pending, within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing for the preparation of such papers . . . As soon as may be after receiving such written order, the clerk . . . shall make an estimate of the expense of preparation . . . and shall give such party notice in writing of the amount of such estimate. Such party, within twenty days after the date of such notice from the clerk . . . shall pay to him the amount of such estimate. . . ." The motion to dismiss the appeal was argued at the bar upon the facts therein set forth. They were accepted as true. There is no contention that they are not true. They have been narrated.

The defendants contend that the motion to dismiss in these circumstances cannot rightly be considered by the full court. That contention is not sound. The proper papers have been prepared and the case in form has been entered in the full court. It is to be disposed of here. *Charbonneau* v. *Guillet*, 278 Mass. 153, 155. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137, 139. *Crawford* v. *Roloson*, 254 Mass. 163, 168. *Dondis* v. *Lash*, 277 Mass. 477. *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463. A motion of this nature, if seasonably presented in the court where the proceeding was pending, would be within the jurisdiction of that court. *Littlejohn* v. *Littlejohn*, 236 Mass. 326, 329. *Wiakowicz* v. *Hwalek*, 273 Mass. 122, 124. *Hubbard* v. *Southbridge National Bank*, 297 Mass. 17. G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2. The action of that court as to the disposition of such motion may be reviewed in the full court on appropriate proceedings. *Lanza* v. *Leveroni*, 266 Mass. 563, 565. *McCarty* v. *Boyden*, 275 Mass. 91. That course of procedure

was not followed in the case at bar.   No motion to dismiss the claim of appeal was ever made in the Superior Court, as appears by its docket entries.   Therefore, the motion to dismiss is rightly before this court for disposition on its merits.

The case at bar became ripe for final preparation and printing of the record for the full court on July 9, 1937, when appeal was seasonably taken from the final decree. Under the terms of said § 135, the defendants were allowed ten days from that date within which to give to the clerk of courts an order in writing as there required.

The letter of July 9, 1937, was the only communication in writing given by the attorney for the defendants to the clerk of courts within ten days after the claim of appeal was filed, when the case became ripe for final preparation and printing of the record.

The precise question raised by the motion is whether the letter of July 9, 1937, to the clerk of courts, the material parts of which have been hitherto quoted, was in conformity to the statutory mandate of said § 135, already set forth.   That statute requires "an order in writing for the preparation of such papers" as are necessary for the presentation of the case to the full court.   Those particular words have never been construed by this court.   But that section often has been under consideration.   Respecting the words of said § 135, it was said in *Niosi* v. *Leveroni*, 274 Mass. 115, 117: "This is an imperative provision.   It is an essential preliminary step toward the entry of any case before the full court.   Failure by any party, on whom the duty is cast, to comply with this prerequisite is fatal to the right of appeal."   In *McCarty* v. *Boyden*, 275 Mass. 91, 93, it was said of these statutory words: "This is a mandatory provision . . . It is inflexible in its terms.   It was designed to specify the exact times within which the several steps must be taken.   It leaves nothing to the discretion of the court."   In *Martell* v. *Moffatt*, 276 Mass. 174, 176, occurs this statement: "The time for giving the order in writing for preparation of the papers is thus fixed by imperative statutory words as 'within ten days after the appeal.' " To the same general effect are *Dondis* v. *Lash*, 277 Mass.

477, 481; *St. Nicholas Russian Benefit Society, Inc.* v. *Yaselko*, 279 Mass. 81; *Cunningham* v. *First Banker's Union, Inc.* 259 Mass. 595; *Buchannan* v. *Meisner*, 279 Mass. 457, 461; *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452. The clear command conveyed by these words of the statute is that there must be a "written order" to prepare the papers. Nothing short of compliance with that imperative provision will enable a party to complete his appeal. The words express an unescapable direction.

The letter of July 9, 1937, (already quoted) was a request for an estimate of the cost of preparing the record. It simply asked for information. It contained no order. It expressed no desire for the preparation of the papers. It did not authorize the clerk to incur the expense of preparing the necessary papers. It did not pledge the credit of the writer of the letter or of any other person to pay the cost of printing the record or of making the necessary copies. That letter falls short of being a compliance with the specific direction set forth in the statute.

The only other communication in writing to the clerk of courts by the defendants was the letter of August 7, 1937. That was not sent until long after the expiration of the ten days specified in said § 135. Moreover, it contained no order in writing for the preparation of papers. It merely paid the estimated cost of preparation of record received a few days earlier. It affords no evidence of compliance with the prerequisite of said § 135 here essential to the defendants. In view of the peremptory nature of that section and the unequivocal terms in which it is couched, it is not enough that the attorney for the defendants intended his letter of July 9, 1937, to be an order. Intention in that connection is an immaterial circumstance. *Wiakowicz* v. *Hwalek*, 273 Mass. 122, 124. The statute prescribed highly technical requirements with which there must be strict compliance. The defendants must bear the consequences of failure to conform to those requirements. *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99, 103, 104. *McCarty* v. *Boyden*, 275 Mass. 91. *Flood* v. *Grinnell*, 286 Mass. 214.

There is nothing to the contention of the defendants that the motion cannot be considered because the affidavit under date of October 27, 1937, states that notice was given of the filing of the motion by mailing a copy to the attorneys of record for the defendants, while the motion itself was filed on October 28, 1937. *LaFond* v. *Registrars of Voters of Gardner*, 296 Mass. 453. The strictness of the statute as to notice of filing of exceptions does not prevail with respect to a motion like the one here involved.

The motion of the plaintiff that the appeal of any and all the defendants who failed to comply with the requirements of G. L. (Ter. Ed.) c. 231, § 135, be dismissed, is granted.

*Ordered accordingly.*