BASS RIVER SAVINGS BANK *vs.* BESSIE F. NICKERSON &
another.

Barnstable.   January 3, 1939. — January 31, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Probate Court,* Appeal: dismissal for failure to order preparation of
papers.

A letter from counsel for an appellant to the register of probate, "I
herewith enclose check for printing in accordance with your esti-
mate," sent within the period of ten days allowed by G. L. (Ter. Ed.)
c. 231, § 135, for giving the register an order in writing for preparation
of appeal papers and after receiving from the register an estimate of
expense with a statement by the register that he would have the
printing done upon receipt of such amount, constituted an "order in
writing" within the statute.

PETITION for partition, filed in the Probate Court for the
county of Barnstable on June 20, 1938.

From a decree entered after a hearing by *Campbell,* J.,
the respondent Nickerson appealed.   In this court the peti-
tioner moved that the appeal be dismissed.

*C. G. Willard,* for the respondent Nickerson.

*P. M. Swift,* for the petitioner.

FIELD, C.J.   This is a petition for partition brought in
the Probate Court for the county of Barnstable.   From
a decree therein entered on October 4, 1938, Bessie F.
Nickerson, one of the respondents, appealed.   Her appeal
has been entered in this court.   The case comes before us
on the motion of the petitioner to dismiss this appeal for
failure of the appellant to comply with the requirement of
G. L. (Ter. Ed.) c. 231, § 135, that such appellant "within
ten days after the case becomes ripe for final preparation
and printing" of the "necessary papers" for the completion
of the appeal "give to the . . . register . . . of the court
in which the case is pending . . . an order in writing for
the preparation of such papers and copies of papers for
transmission to the full court."   Such a failure, if estab-

lished (see *Boston Safe Deposit & Trust Co.* v. *Wickham*, 254 Mass. 471, 472–473; *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 184), would be fatal to the appeal and require that it be dismissed. *Cherry* v. *Auger*, 300 Mass. 367, 369–371. See also *Niosi* v. *Leveroni*, 274 Mass. 115; *McCarty* v. *Boyden*, 275 Mass. 91; *Martell* v. *Moffatt*, 276 Mass. 174; *Charbonneau* v. *Guillet*, 278 Mass. 153.

We have before us the record of the case entered in this court together with certain affidavits, including an affidavit of the register of probate with a copy of the docket entries attached. These facts appear: The appellant, on October 7, 1938, filed a claim of appeal and a request for a report of material facts. A letter dated October 13, 1938, and filed October 17, 1938, from counsel for the appellant to the register includes the following: "As soon as the record is ripe, will you kindly send me an estimate of the costs of printing for the supreme judicial court." On October 31, 1938, a report of material facts was filed. In a letter dated November 4, 1938, the register wrote counsel for the appellant as follows: "My estimate for the cost of the appeal of your clients in the partition proceeding of Bass River Savings Bank vs. Bessie F. Nickerson et al is $45.00, upon receipt of which sum I will order the printing." A letter from said counsel to the register, dated November 7, 1938, stated: "I herewith enclose check for printing in accordance with your estimate contained in your letter under date of November 4." A check for this amount was enclosed. Upon receipt of this letter and check the register — as he states in his affidavit — "duly ordered the preparation of the necessary papers and copies of papers for transmission to the Supreme Judicial Court."

The report of material facts constituted an essential part of the "necessary papers" for the completion of the appeal. *Boston Safe Deposit & Trust Co.* v. *Wickham*, 254 Mass. 471, 473. *Martell* v. *Moffatt*, 276 Mass. 174, 177. Though a different rule was applicable under the previous statute (see *Dondis* v. *Lash*, 277 Mass. 477, 480–481, and cases cited), under the present statute the time for ordering the

preparation of the papers did not expire until ten days after the report of material facts was filed — October 31, 1938 — that is, on November 10, 1938. See *Dondis* v. *Lash*, 277 Mass. 477, 481.

The question for decision, therefore, is whether on the facts before us it appears that no "order in writing" for the preparation of papers was given on or before November 10, 1938.

The letter filed on October 17, 1938, was not such an "order." It is merely a request for information as to the estimated cost of the preparation of the papers and did not expressly or by implication direct the register to prepare the papers, as an "order in writing" conforming to the statutory requirement would do. See *Cherry* v. *Auger*, 300 Mass. 367, 370.

However, the register thereafter, by his letter dated November 4, 1938, gave the appellant such an estimate, stating that "upon receipt of which sum I will order the printing," and counsel for the appellant by his letter dated November 7, 1938, stated that he enclosed "check for printing in accordance with your estimate," actually enclosing such a check. So far as appears this letter with the accompanying check was sent and received within the ten-day period for giving an "order in writing" for the preparation of the necessary papers — that is, on or before November 10, 1938. In this respect the situation differs from that in *Cherry* v. *Auger*, where the court, in holding that the statute was not complied with, said that a similar letter transmitting a check for the estimated cost of preparation of the papers "was not sent until long after the expiration of the ten days specified in said § 135." Page 371. This was an adequate ground for the decision of *Cherry* v. *Auger*, but there was no such delay in the present case.

In our opinion, it cannot rightly be said that the letter dated November 7, 1938, with the accompanying check, was insufficient in form to constitute an "order in writing" within the meaning of the statute. The statute is imperative and there must be strict compliance therewith, but

compliance in substance rather than in technical phrase is required. No specific form of words for an "order in writing" is prescribed by the statute. We think, though the word "order" is not used in the letter, that the letter accompanied by a check for the cost of preparing the papers, as estimated by the register, constituted, in substance, by necessary interpretation of the written words, an "order in writing" for the preparation of the papers. The register upon receipt of this letter could have had no greater doubt that he was directed to prepare the papers than if the letter had in terms *ordered* him to prepare them. The letter with the accompanying check was not merely evidence of an intention on the part of the appellant to order the preparation of papers, but imported such an order. The case of *Wiakowicz* v. *Hwalek*, 273 Mass. 122, 124, is materially different in this respect. The decision of *Cherry* v. *Auger*, relating to the letter transmitting the check therein considered rests firmly on the ground that this letter was not sent seasonably and requires no other ground for its support. So far as the language of the opinion in that case (see pages 371–372) purports to state another ground for this decision, based upon the form of the letter, and is inconsistent with the conclusion here reached, we think that it should not be followed.

*Motion to dismiss appeal denied.*