HOME OWNERS' LOAN CORPORATION *vs.* ELIZABETH R.
SWEENEY.

Worcester.    April 10, 1941. — April 17, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: failure to prosecute, notice of allowance.

A motion in the Superior Court "to dismiss" a bill of exceptions for
   failure to comply with the requirements of G. L. (Ter. Ed.) c. 231,
   § 135, was treated by this court in accordance with its true nature as
   an application under § 133, as amended by St. 1933, c. 300, § 2, that
   the exceptions be overruled.
An exception lies to the denial of an application that exceptions of an
   adverse party be overruled under G. L. (Ter. Ed.) c. 231, § 133, as
   amended by St. 1933, c. 300, § 2.
Failure of a clerk of the Superior Court to comply with Rule 74 of that
   court (1932) requiring him to give notice of the allowance of a bill of
   exceptions does not require that the exceptions be dismissed.
Upon the allowance of exceptions saved at a trial on the merits in the
   Superior Court, the case is "ripe for final preparation and printing of
   the record for the full court" under G. L. (Ter. Ed.) c. 231, § 135,
   and an order in writing for the preparation of the papers must be
   given within ten days thereafter, irrespective of whether the clerk of
   court gives notice of the allowance of the exceptions as required by
   Rule 74 of the Superior Court (1932).
An extension of the time allowed by G. L. (Ter. Ed.) c. 231, § 135, for
   the giving of the order for preparation of papers for presentation of a
   case to the full court is of no effect if not granted until after the ten-
   day period fixed by the statute for the giving of such order.
On the sustaining of an exception by the plaintiff to the denial of his
   application in the Superior Court for the overruling, under G. L.
   (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2, of the
   defendant's exceptions, the case was remanded to the Superior Court
   with an order that the defendant's exceptions be there overruled.

SUMMARY PROCESS, began in the Central District Court
of Worcester by writ dated October 14, 1939.

On appeal to the Superior Court, the action was tried
before *Dillon,* J., and a verdict returned for the plaintiff. The
defendant alleged exceptions.

The rulings upon motions respecting the dismissal of
exceptions saved by the defendant and by the plaintiff,
described in the opinion, were by *Donnelly,* J.

*M. H. Selzo*, (*J. J. Brennan* with him,) for the plaintiff.
*W. Sweeny*, for the defendant.

FIELD, C.J.   This action of summary process was tried in the Superior Court, on evidence, before a judge and a jury.   There was a verdict for the plaintiff on October 29, 1940.   The defendant, on November 18, 1940, claimed an appeal to this court and filed a bill of exceptions in the Superior Court.   Obviously the appeal would not lie.   G. L. (Ter. Ed.) c. 231, § 96.   But, as appears from a copy of the docket entries in the case, transmitted to this court (G. L. [Ter. Ed.] c. 231, § 135, *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22, 23), the defendant attempted to perfect this appeal by ordering, on November 26, 1940, the preparation and printing of the record of the case on appeal.   (Further steps taken to perfect the appeal need not be described.   The appeal has been waived.)   The defendant's bill of exceptions was allowed by the trial judge on December 20, 1940, at a hearing at which the parties were represented by counsel.   The defendant did not order the preparation and printing of the record of the case on exceptions at any time before January 9, 1941 — more than ten days after the bill of exceptions was allowed.

The statutory requirements regulating the carrying of questions of law to this court, material to matters now to be considered, are contained in G. L. (Ter. Ed.) c. 231, § 135.   That section provides in part that in "order to carry any question of law" from the Superior Court to this court "upon . . . exception . . . the party having the obligation to cause the necessary papers . . . to be prepared shall give to the clerk . . . of the court in which the case is pending, within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing for the preparation of such papers and copies of papers for transmission to the full court."

The defendant's bill of exceptions has been entered in this court, following a hearing in the Superior Court upon a so called motion — filed by the plaintiff on January 29, 1941 — "to dismiss" the defendant's bill of exceptions on the ground that "no order for estimate of the cost of printing

had been filed within ten days after the allowance" of the bill of exceptions. On this motion the judge, on February 11, 1941, ruled, subject to the plaintiff's exception, "that since Rule 74 of the Superior Court requires that notice of the allowance of the bill of exceptions be sent by the clerk of courts to the parties . . . the case was not ripe for the transmission of the papers to the Supreme Judicial Court until after notice was given by the clerk of courts to the defendant on January 7, 1941," and ordered "that the clerk as soon as may be hereafter shall furnish to the defendant an estimate of the cost of printing the bill of exceptions in this case and that if within twenty days after receipt of this estimate the defendant shall pay into court the amount of the said estimate, then the papers shall be transmitted to the Supreme Judicial Court for the Commonwealth session thereof, otherwise the bill of exceptions shall be dismissed." The plaintiff also claimed "exceptions to the ruling on the ground that notice given by the defendant after the notice of January 7 does not comply with the rule regarding the giving of an order for the estimate." The plaintiff's bill of exceptions was allowed and has been entered in this court.

Each party has filed a motion in this court that the bill of exceptions of the other party be dismissed.

1. The defendant's motion to dismiss the plaintiff's bill of exceptions must be denied. The plaintiff's motion in the Superior Court to which this bill of exceptions relates obviously was, in substance, an application to the Superior Court under G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2, that the defendant's bill of exceptions be overruled by reason of the defendant's neglect "to take the necessary measures by ordering proper copies to be prepared" to carry questions of law to this court. The plaintiff's motion must be treated in accordance with its true nature. *Johnson* v. *Johnson*, 303 Mass. 204, 206. See *Wiakowicz* v. *Hwalek*, 273 Mass. 122, 123. It was seasonably presented to the Superior Court. See *Cherry* v. *Auger*, 300 Mass. 367, and cases cited. Said § 133, as amended, provides that there "shall be no right to take an appeal,

exceptions or other proceeding in the nature of an appeal from such an order . . . overruling exceptions . . . except by leave of the full court under section eleven of chapter two hundred and eleven." But the party whose application is denied is not precluded by this statute from bringing to this court by exception questions of law involved in such denial, in accordance with the practice applicable to exceptions generally. See *Flood* v. *Grinnell*, 286 Mass. 214; *Boston* v. *Santosuosso*, 302 Mass. 169, 171, 176.

The defendant, however, relies, as a ground for dismissing the plaintiff's bill of exceptions entered in this court, on the fact that no notice of the allowance of this bill of exceptions was sent by the clerk of the Superior Court to the defendant. Rule 74 of the Rules of the Superior Court (1932) provides that the "clerk shall notify the parties of the allowance or disallowance of a bill of exceptions." This rule, however, imposes a duty upon the clerk as a public officer. The parties could not control his conduct in respect to sending notice of the allowance of the bill of exceptions. So far as concerns the rights of the parties the rule is directory. Failure of the clerk to comply with it did not vitiate the plaintiff's exceptions, whatever effect such a failure might have upon subsequent proceedings in a case where, by statute or rule, a period of time is to be computed from notice of such allowance or disallowance. *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123, 127. Compare Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926), 252 Mass. 585, 587; *Thorndike, petitioner*, 252 Mass. 154, 155–156. The defendant had no duty to perform within any fixed period of time computed from notice of the allowance of the plaintiff's bill of exceptions or even from such allowance. Failure of the clerk to send notice of the allowance of the bill of exceptions to the defendant affected none of her rights, substantive or procedural. The plaintiff's exceptions, therefore, are properly before this court.

2. The plaintiff's exceptions present the question whether there was compliance by the defendant with the requirement of G. L. (Ter. Ed.) c. 231, § 135, that the excepting

party — here the defendant with respect to her exceptions — "give to the clerk . . . within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing" for such final preparation and printing.

This case became "ripe" for such final preparation and printing on December 20, 1940, when the defendant's bill of exceptions was allowed. The proceedings with respect to the appeal did not prevent the case from becoming "ripe" at that time for such final preparation and printing. Nor did the failure of the clerk to give notice of such allowance to the defendant before January 7, 1941 — as appears to be the fact — prevent the case from becoming "ripe" for that purpose on December 20, 1940, within the meaning of the statute. By the terms of the statute the ten-day period is to be computed from the time the case became "ripe" for this purpose, though the periods within which an excepting party must take other steps necessary to bring a case to this court are, in each instance, by express statutory provision, to be computed from the "date of . . . notice" from the clerk. In the light of this context the natural interpretation of the language is that it was intended that the ten-day period should begin to run irrespective of notice. The statutory distinction would be rendered nugatory if it were to be held that a case that was "ripe" in all other respects for final preparation and printing did not become "ripe" for that purpose, within the meaning of the statute, until after notice that in such other respects it had become "ripe" for that purpose. Apparently it was thought that it was not necessary for the protection of an excepting party to require notice to him from the clerk of the allowance of the exceptions before the ten-day period should begin to run. (Indeed, in the present case the defendant had actual notice of the allowance of her bill of exceptions on the day thereof — see *Thorndike, petitioner*, 252 Mass. 154, 155 — and she was not harmed by the failure of the clerk to send her a written notice thereof.) And the directory provision of Rule 74 of the Superior Court (1932) with respect to notice of allowance or disal-

lowance of a bill of exceptions could not modify the express statutory provision fixing the beginning of the ten-day period within which an order must be given for preparation and printing of the record for the full court.

It follows that the judge was in error in ruling that "the case was not ripe for the transmission of the papers to the Supreme Judicial Court until after notice was given by the clerk of courts to the defendant on January 7, 1941." And since no order for the preparation and printing of the record was given by the defendant to the clerk before January 9, 1941 — more than ten days after the allowance of the defendant's bill of exceptions, on December 20, 1940, when the case became "ripe" for final preparation and printing of the record for the full court — the order of the judge upon the plaintiff's motion was vitiated by this erroneous ruling. It is, therefore, unnecessary to consider whether a so called "Defendant's Order for an Estimate of Cost of Printing Bill of Exceptions" offered for filing in the office of the clerk of the Superior Court on January 9, 1941, and incorporated in the plaintiff's bill of exceptions, would have complied with the statutory requirements if it had been given within the ten-day period. See *Cherry* v. *Auger*, 300 Mass. 367; *Bass River Savings Bank* v. *Nickerson*, 302 Mass. 235. And the order of the judge cannot be treated as an extension of the time for giving an order for the preparation and printing of the record, for the reason, if not for other reasons, that the time for granting an extension had expired. G. L. (Ter. Ed.) c. 231, § 135. *Flood* v. *Grinnell*, 286 Mass. 214. On the facts disclosed by the plaintiff's exceptions and the docket entries relating thereto, the defendant's exceptions should have been overruled in the Superior Court. The plaintiff's exceptions must be sustained.

3. The plaintiff's motion filed in this court to dismiss the defendant's bill of exceptions is based on like grounds to those on which were based its motion in the Superior Court to which its bill of exceptions relates. By reason of the erroneous order in the Superior Court the defendant's bill of exceptions has been entered in this court. Conse-

quently it must be dealt with here. See *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137, 138–139. Instead, however, of dismissing the defendant's bill of exceptions on the plaintiff's motion in this court, such bill of exceptions is to be remanded to the Superior Court for the entry in that court of the order that should have been entered there — exceptions overruled. G. L. (Ter. Ed.) c. 231, §§ 124, 133.

> *Defendant's motion to dismiss plaintiff's exceptions denied.*
>
> *Plaintiff's exceptions sustained.*
>
> *Defendant's exceptions remanded to the Superior Court, to be there overruled.*