AUGUST F. B. PETERSEN *vs.* HOWARD O. FRYE.

Norfolk.    January 9, 1947. — January 31, 1947.

Present: FIELD, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Appellate Division: appeal.

The filing by a defendant with the clerk of a District Court of a document entitled "Order for preparation of estimate of cost of appeal," which stated that the defendant "orders an estimate of the cost of preparation of appeal to the Supreme Court," was not an order for preparation of appeal papers required by § 135 of G. L. (Ter. Ed.) c. 231 as amended by St. 1941, c. 187, § 1, and a motion to dismiss the appeal was allowed properly, although such order was filed within ten days after the case became "ripe for final preparation and printing of the record" and the defendant, over a month after it became so ripe, paid the amount of an estimate made by the clerk.

CONTRACT. Writ in the District Court of East Norfolk dated October 11, 1945.

The Appellate Division of the court allowed a motion to dismiss an appeal by the defendant. The defendant appealed.

In this court the case was submitted on briefs.

*H. A. Lincoln,* for the defendant.
*I. M. Golden,* for the plaintiff.

WILKINS, J.   This is an action of contract by a real estate broker to recover a commission. The District Court judge found for the defendant, but the Appellate Division vacated that finding and ordered the entry of a finding for the plaintiff. The "finding; decision and order" of the Appellate Division was filed with the clerk of the District Court on June 27, 1946. On July 5 the defendant appealed. On July 13 the defendant filed an "order for preparation of estimate of cost of appeal," the body of which read, "Now comes the defendant in the above entitled action and orders

an estimate of the cost of preparation of appeal to the Supreme Court." The Appellate Division allowed the plaintiff's motion to dismiss the appeal for failure to comply with G. L. (Ter. Ed.) c. 231, § 135, as amended by St. 1941, c. 187, § 1, and affirmed the decision from which the appeal was taken. The defendant appealed. The ruling of the Appellate Division was right. The statute requires that the appealing party shall give to the clerk, "within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing for the preparation of . . . papers . . . for transmission to the full court of the supreme judicial court." This was not done by the defendant, who merely ordered the "preparation of [an] estimate." The case is indistinguishable from *Cherry* v. *Auger*, 300 Mass. 367. The defendant's failure to comply with the statutory requirements was not cured by his payment of the amount of the estimate on August 10, one month and five days after the case became "ripe for final preparation and printing of the record." In *Bass River Savings Bank* v. *Nickerson*, 302 Mass. 235, such payment was made within ten days after the case thus became ripe.

*Order of Appellate Division affirmed.*