BARBARA S. HIGGINS *vs.* FIRST NATIONAL STORES, INC.

Worcester.    March 8, 1960. — March 31, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Practice, Civil,* Entry of judgment; Exceptions: allowance and establishment; Amendment after judgment.

An action as matter of law became ripe for judgment on a September 6 under Rule 74 of the Superior Court (1954) and went to judgment on the following Monday under Rule 79 where it appeared that a bill of exceptions had been seasonably filed on May 7 but had not been allowed or disallowed by August 7, when the clerk sent the notices required by Rule 74, and that within thirty days thereafter, expiring September 6, the bill had not been allowed or disallowed nor affidavit filed of presentation of the bill for allowance nor further time for such acts granted; failure of the clerk to dismiss the exceptions and to enter judgment after the expiration of the thirty day period was of no consequence. [619–620]

After an action in which a bill of exceptions had been seasonably filed but never allowed or disallowed or presented for allowance had gone to judgment as matter of law under Rules 74, 79 of the Superior Court (1954), although judgment had not been entered on the docket, the trial judge had no power under G. L. c. 231, § 113, as amended through St. 1945, c. 328, or under c. 231, § 56, to allow the bill. [620–621]

CONTRACT OR TORT. Writ in the Superior Court dated September 9, 1953.

The action was tried before *Dewing,* J.

*Richard G. Crotty,* for the defendant.

*Frank Howard,* (*Paul V. Rutledge* with him,) for the plaintiff.

WILKINS, C.J.   The plaintiff, who was hurt on the defendant's premises by the explosion of a bottle containing a carbonated beverage, brought this action of contract or tort and recovered verdicts on two counts for breach of warranty.   The verdicts were returned on February 7, 1957. After extensions of time, the defendant's bill of exceptions was filed on May 7, 1957.   On August 7, 1957, notices under Rule 74 of the Superior Court (1954) were mailed.   The bill was not presented for allowance to the trial judge, and on January 21, 1958, the plaintiff filed a motion to dismiss. On June 17, 1958, in accordance with the trial judge's suggestions, the defendant filed a substitute bill of exceptions, which the trial judge allowed on the same day, making the notation, "Believing that the defendant's . . . exceptions are based on real questions of law, that they are not frivolous or filed with the intention of causing delay, but made in good faith, I have reviewed the same and after hearing have allowed the same."   To this action the plaintiff filed a purported bill of exceptions.

There are two principal questions for decision:  (1) whether the case had gone to judgment before the trial judge allowed the bill of exceptions;  and (2) whether after judgment he had power to allow it.

We are of opinion that the case went to judgment on Monday, September 9, 1957.   "Judgment in civil actions and proceedings ripe for judgment shall be entered by the clerk, unless the party entitled thereto otherwise requests in writing or the court otherwise orders, at ten o'clock in the forenoon, on Monday of each week."   Rule 79 of the Superior Court (1954).

Pursuant to Rule 74 of the Superior Court (1954),[1] the

---

[1] "If within three months after filing, a bill of exceptions has not been allowed or disallowed by the justice to whose opinion, ruling, direction or judgment the exceptions were taken, the clerk shall forthwith notify the parties interested and such justice that unless within thirty days thereafter, or within such further time as may be allowed, an affidavit is filed with the clerk that the bill of exceptions has been presented by a party to the proper justice for allowance, the bill of exceptions will be dismissed and judgment or decree will be entered as though no exceptions had been filed.   If, within such time, the bill of exceptions is neither allowed nor disallowed, and no such affidavit is filed, the exceptions shall be dismissed by the clerk without further notice or order."

case became ripe for judgment on the preceding Friday, September 6. This date marked the expiration of thirty days from August 7, when the clerk sent the notices required by that rule since the bill of exceptions, filed May 7, had not been allowed or disallowed within three months after filing. This notice advised the parties and the trial judge that unless within thirty days, or any extension, an affidavit should be filed that the bill of exceptions had been presented to the trial judge for allowance, the bill of exceptions would be dismissed and judgment entered as though no exceptions had been filed. The mandate of the rule is that if, within thirty days, there should be no allowance or disallowance of the bill of exceptions, and no affidavit filed, the clerk shall dismiss the exceptions without further notice or order.

This is a provision for automatic action. See *Frank, petitioner*, 213 Mass. 194, 195; *Attwood* v. *New England Trust Co.* 305 Mass. 472, 475; *McGonigle, petitioner*, 317 Mass. 262, 263–264; *Pine Grove Cemetery Corp., petitioner*, 334 Mass. 663, 666–667. The express language of Rule 74 that there is to be no further notice or order renders inapplicable cases dealing with orders "in form anticipatory nisi." See *Cherry* v. *Cherry*, 253 Mass. 172, 176. See also *Plaisted* v. *Cooke*, 181 Mass. 118, 119; *Loonie* v. *Wilson*, 233 Mass. 420, 423; *O'Brien* v. *O'Brien*, 238 Mass. 403, 407. It is of no consequence that the clerk failed to comply with the rule. See *Sullivan* v. *Jordan*, 310 Mass. 12, 15, and cases cited.

Consideration of the question as to the effect of the case going to judgment leads to an examination of that part of G. L. c. 231, § 113, which was inserted by St. 1945, c. 328, and comprises two sentences which read: "[1] The presiding justice may, if, in his opinion, a bill of exceptions is filed in good faith, and justice so requires, allow such bill of exceptions although the excepting party or his attorney failed, through inadvertence, to comply with all of the provisions of this section. [2] If, through inadvertence, a party who has duly claimed exceptions failed to file a bill of exceptions within said twenty days or within such further time as may have been allowed, the presiding justice may, before final

judgment, upon motion after notice and hearing, allow a bill of exceptions to be filed and may allow such bill of exceptions."

In *Hackney* v. *Butler*, 339 Mass. 605, 608, we held that, under the second sentence just quoted, "the trial judge after judgment was without power to revive the right of a party to file a bill of exceptions after the time limited by law had expired." The present case, where a bill of exceptions was seasonably filed but not seasonably presented, arises under the first quoted sentence, which makes no reference to final judgment.

This omission, however, can make no difference. "Commonly the entry of judgment is the last step in the decision of a case. Subject to such appellate procedure as may be available, to statutory proceedings to vacate or review, and possibly to one or two other exceptions with which we are not here concerned, the judgment as entered is final. The trial court has no further power over it and cannot add to it or amend it, although it may correct mere clerical errors, mistakes in computation, and similar blunders which occasionally occur." *Amory* v. *Assessors of Boston*, 309 Mass. 162, 163, and cases cited. *Kacouris* v. *Loukas*, 333 Mass. 44, 48.

There is nothing in St. 1945, c. 328, which is the equivalent of a provision for vacating judgment. See G. L. c. 250. See also *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 469, and cases cited.

The provisions of G. L. (Ter. Ed.) c. 231, § 56, do not assist the defendant. Any amendment after judgment there authorized can only be, if justice requires and it is in affirmance of the judgment, for the purpose of correcting "formal defects or imperfections in the record or proceedings." *Amory* v. *Assessors of Boston*, 309 Mass. 162, 163. Here the allowance of the bill of exceptions was in derogation, and not in affirmance, of the judgment. The only formal defect or imperfection in the record was the absence of an entry on the docket that the case had gone to judgment. All subsequent proceedings had no standing and were nullities. Any

other conclusion would lead to chaos.   There would be no apparent time limit in which an allowance of a bill of exceptions might be made in disregard of a judgment in existence by operation of law.

Let an entry be made that the case went to judgment on September 9, 1957.

*So ordered.*