*Southern District*

## JOSEPH L. DONOVAN ET ALS
### v.
## LOUIS H. RUBBO

*Present*: Nash, P. J., Lee & Owen, JJ.

Case tried to ——————, J. in the District Court of East Norfolk. No. 13330.

*Nash, J.* This is a motion by the plaintiff to dismiss the claim of appeal made to the Supreme Judicial Court by the defendant. The record shows that the trial judge made a finding in favor of the plaintiff in the sum of $600.00 and such finding was entered on *February* 16, 1962. The defendant duly requested a report and filed his draft report within the prescribed time. On *March* 22, 1962, the trial judge filed his report with this Division. On *June* 20, 1962, the case was argued before the Appellate Division by the defendant and submitted on brief by the plaintiff and on *August* 14, 1962, the finding, decision and order of the Appellate Division was filed, dismissing the report.

On *August* 20, 1962, the defendant filed his claim of appeal to the Supreme Judicial Court. After filing his claim of appeal the defendant did nothing further to perfect his appeal. No written order was filed.

The requirement of G. L. c. 231, §135, that "the party having the obligation to cause the necessary papers hereinfore specified to be prepared shall give to the clerk . . . of the court in which the case is pending, within ten days . . . and order in writing for the preparation of such papers and copies of papers for transmission to the full court of the supreme judicial court" is mandatory. "This is an imperative provision." *Niosi v. Leveroni,* 274 Mass. 115, 117.

It is succinctly stated in the case of *Turgeon v. Turgeon,* 330 Mass. 402, 408, as follows: "The clear command conveyed by these words of the statute is that there must be a 'written order' to prepare the papers. Nothing short of compliance with that imperative provision will enable a party to complete his appeal. The words express an unescapable direction." *Cherry v. Auger,* 300 Mass. 367, 371; *Bass River Savings Bank v. Nickerson,* 302 Mass. 235; *Peterson v. Frye,* 320 Mass. 727. Compare *Home Owners' Loan Corp. v. Sweeney,* 309 Mass. 26, 29-32; *Sherrer v. Sherrer,* 320 Mass. 351, 352-354."

Failure of the defendant to comply with these mandatory provisions of the statute makes it obligatory upon us to allow the motion of the plaintiff to dismiss the claim of appeal.