*Southern District*

**SIMPLICITY PATTERN CO., INC.**

**v.**

**JOSEPH A. KEALEY**

*Present*: Nash, P. J. & Murphy, J.

Case tried to ———, J. in the District Court of East Norfolk. No. 17593.

*Nash, J.* This is a motion by the appellee to dismiss a claim of appeal to the Supreme Judicial Court by the appellant for failure of the appellant to comply with G. L. c. 231, §135, relative to paying the estimate of the cost of printing within twenty days after the date of clerk's notice of the cost, said notice having been given to the appellant on *February* 19, 1963 and the cost of estimate not yet having been paid.

The trial judge made a finding in favor of the plaintiff in the sum of $439.67. The record shows that the defendant filed his request of report within the time prescribed by the rules of the District Courts and later his draft report upon which a hearing was duly held. From this decision of the trial judge, the appellant appealed to this Division which after a hearing found there was no prejudicial error in the rulings of the trial judge and ordered the report dismissed. This opinion was filed with the clerk of the trial court on *December* 14, 1962.

The present motion was filed with the clerk of the District Court of East Norfolk on *August* 15, 1963.

The requirement of G. L. c. 231, §135, that "the party having the obligation to cause the necessary papers hereinbefore specified to be prepared shall give to the clerk . . . of the court which the case is pending, within ten days . . . an order in writing for the preparation of such papers and copies of papers for transmission to the full court of

the Supreme Judicial Court" is mandatory. "This is an imperative provision." *Niosi v. Leveroni,* 274 Mass. 115, 117.

The language of the court in the case of *Turgeon v. Turgeon,* 330 Mass. 402, 408, is as follows:

> "The clear command conveyed by these words of the statute is that there must be a 'written order' to prepare the papers. Nothing short of compliance with that imperative provision will enable a party to complete his appeal. The words express an unescapable direction."

*Cherry v. Auger,* 300 Mass. 367, 371; *Bass River Savings Bank v. Nickerson,* 302 Mass. 235; *Peterson v. Frye,* 320 Mass. 727. Compare *Home Owners' Loan Corp. v. Sweeney,* 309 Mass. 26, 29-32; *Sherrer v. Sherrer,* 320 Mass. 351, 352-354.

The appellant has failed to comply with these mandatory provisions. The motion of the plaintiff requesting dismissal of the claim of appeal is allowed.