*Northern District*
No. 8060
GLENN E. OVERSTREET, ET AL
v.
JACK V. CHAMBERS ET AL
Argued: Sept. 20, 1973   Decided: Jan. 18, 1974

*Present:* Cowdrey, P.J., Bacigalupo, Forte, JJ.
Case tried to *Doyle, J.,* in the First District
  Court of Southern Middlesex. Docket Num-
  ber: C 16074.

**Forte, J.** This is a report by the trial jus-
tice of his finding of facts for determination
of this Division under the provisions of G. L.
c. 231, § 108 as amended.

In examining the attested record as filed
with the Appellate Division it appears that the
trial judge's finding after trial was filed on
*June 22, 1972* and notices were mailed to the
parties. On *July 5, 1972* an affidavit of No
Military Service was filed. On *July 7, 1972*
judgment entered for the plaintiff in accord-
ance with the judge's finding. On *July 11,
1972* an execution issued to the plaintiff in

the amount of $4,346.44 damages plus $32.85 costs. On *July 28, 1972* the defendant's Motion for a New Trial was filed and on *July 28, 1972* it was denied. The judgment has not been vacated nor has the execution been superseded although it appears that the execution was returned to the Clerk of the First District Court of Southern Middlesex on *September 6, 1972*. It was not until *April 5, 1973* that the trial judge filed his report of his finding of facts to the Appellate Division for determination.

When the case went to judgment, "the court thereafter lacked the power to take any further action with respect to the judgment other than the correction or amendment of the record with respect to mere clerical errors, mistakes in computations and similar blunders, and then only if such correction or amendment is in affirmance of the judgment". *Rines* v. *Sacco,* App. Div., Northern District #7964, 24 Legalite 90; G.L. c. 231, § 56.

" 'Commonly the entry of judgment is the last step in the decision of a case. Subject to such appellate procedure as may be available, to statutory proceedings to vacate or review, and possibly to one or two other exceptions with which we are not here concerned, the judgment as entered is final. The trial court has no further power over it and cannot add to it or amend it, although it may cor-

rect mere clerical errors, mistakes in computation, and similar blunders which occasionally occur.' *Amory* v. *Assessors of Boston,* 309 Mass. 162, 163.'' *Higgins* v. *First National Stores,* 340 Mass. 618, 621.

G.L. c. 231, § 108 as amended permits the trial judge to report for determination ''any case in which there is an agreed statement of facts or a finding of the facts. . .'' This must be done before judgment and before execution has issued.

**Report dismissed.**

DAVID H. LOCKE

of Wellesley, Mass. for the plaintiff

JOSEPH L. McQUADE

of Framingham, Mass. for defendant