JOHN W. P. MOONEY & another *vs.* JUD'S HOME INSULATION CO., INC. June 23, 1975. After trial in the Second District Court of Southern Berkshire and "Findings and Decision" by a judge in favor of the defendant in a contract action, the plaintiffs on March 2, 1974, filed their claim of report to the Appellate Division for the Western District, and on March 6, 1974, filed a draft report. Neither party requested a hearing on the report, but the judge set a hearing for June 21, 1974 (after two postponements, one occasioned by the judge, the other by the plaintiffs' counsel). The plaintiffs' counsel failed to appear that day. He had previously, on June 18, 1974, filed in the District Court a petition to the Appellate Division to establish a report, his reason being that the judge had delayed unduly in passing on the claim of report. See Rule 30, par. 1, of the Rules of the District Courts, as amended December 1, 1972. It appears that the petition was not immediately forwarded by the clerk to the Appellate Division as required by Rule 30, par. 1. The judge by letters of June 24, 1974, and July 9, 1974, suggested to the plaintiffs' counsel that he arrange with the defendant's counsel a time for hearing on the claim of report, but the plaintiffs' counsel declined to cooperate, stating, among other things, that jurisdiction was now in the Appellate Division. In August, 1974, the judge, in a written decision, disallowed the claim of report, citing as his reason the failure of the plaintiffs' counsel to attend before him to settle the report; and he disallowed the draft report as not conforming to the facts. The judge forwarded his decision, as well as the petition to establish a report and accompanying papers, to the Appellate Division. The Appellate Division, after hearing argument, denied the petition and the case is here on appeal from the denial. The Appellate Division was justified in finding that there had not been undue delay on the part of the judge when the petition to establish the report was lodged. To that extent the petition failed. The Appellate Division evidently treated the petition as addressed also to the disallowance of the claim of

report. In apparently upholding the judge's ground of disallowance, namely, the failure of the plaintiffs' counsel to attend before the judge to settle the report, the Appellate Division erred. Rule 28, par. 4, of the Rules of the District Courts (1965), states that either party may, but neither is obliged, to request a hearing. In the settlement of a bill of exceptions it was early held that, while it was customary, courteous, and desirable for both parties to appear to help settle the bill, strictly the excepting party might stand on his draft exceptions, and it then became the duty of the judge to settle the exceptions whether the party appeared or not at a time set for hearing. *Thompson* v. *Dickinson*, 159 Mass. 210 (1893). Settlement of a report is cognate to settlement of a bill of exceptions, see *Dubois* v. *Boston & Maine R.R.* 315 Mass. 758 (1944), and the same result should follow. See Mottla, Civil Practice, § 1231, p. 325 (3d ed. 1962). Cf. *Santosuosso* v. *Russo*, 300 Mass. 247, 249 (1938). The Appellate Division further suggested that the petition to establish the report was defective for lack of a positive supporting verification on behalf of the plaintiffs of the contents of the draft report, but we think it was adequate in that regard. Cf. *Hadley* v. *Watson*, 143 Mass. 27 (1886); *Dubois* v. *Boston & Maine R.R.*, *supra*. The Appellate Division did not deal with the petition on the merits. We remand the case for that purpose. The order of the Appellate Division denying the petition to establish a report is reversed and the case is remanded to the Appellate Division for further proceedings.

*So ordered.*

F. *Anthony Mooney* for the plaintiffs.