DAVID A. BROWN & another[1] vs. MICHAEL J. QUINN,
individually and as trustee.[2]

No. 88-P-833.

Middlesex. April 11, 1989. — May 10, 1989.

Present: GREANEY, C.J., KASS, & FINE, JJ.

Further appellate review granted, 405 Mass. 1202 (1989).

*Practice, Civil,* Appellate Division: appeal, report; Judgment.

Although no separate order for judgment was entered on a District Court's
docket in a civil case, a notation on the docket reading "Entry of
judg[ment] and finding Findings (mailed 1/17/86)," which was treated
as a judgment by the defendant, satisfied the requirements of Dist.Mun.
Cts.R. Civ.P. 58 (a) and, consequently, the three-month period permitted
the defendant for the establishment of a draft report commenced to run
from the date of the docket entry. [289-290] KASS, J., concurring.
A District Court clerk's failure to send notice to the parties consistent with the
last sentence of Dist.Mun.Cts.R.Civ.P. 64 (c) (5) did not extend the time
allowed a party to petition for establishment of a draft report beyond the
three-month period established by the rule. [290-291] KASS, J., concurring.

CIVIL ACTION commenced in the Natick Division of the
District Court Department on June 20, 1985.

The case was heard by *Joseph D. Clancy, J.*

*Dana L. Mason* for the defendant.

*Alan H. Aaron* for the plaintiffs.

GREANEY, C.J. We are concerned, in this case, with an
issue of practice before the Appellate Division of the District
Courts. Specifically, we must interpret that portion of Dist.
Mun.Cts.R.Civ.P. 64(c)(5) (1975), set forth in the margin,[3]
and determine the effect of the clerk's failure to send the notice
specified in the rule on a party's obligation to petition for the

---

[1] Susan E. Brown.

[2] The trust involved is Coachman Realty Trust.

[3] "If final action by the trial judge upon any draft report, other than upon
an interlocutory matter, is not taken within three months after the filing
thereof, and no petition for establishment of a report has been filed, the
cause shall proceed as though no request for report had been made, unless
the appellate division for cause shown shall allow further time. Notice under
this rule shall be sent by the clerk to the parties in the case fourteen days
at least before the three months or extended period expires."

establishment of a report within three months after it has been filed.

The background facts are as follows. The plaintiffs (buyers of a single-family home built by the defendant and sold by him as trustee) brought this action in the Natick District Court asserting claims of breach of contract (as to certain construction warranties) and violations of G. L. c. 93A. After trial, a District Court judge found for the plaintiffs on the contract claim in the amount of $12,707.56, and on the G. L. c. 93A claim in the amount of $37,121.68, representing treble damages. The docket entry for January 17, 1986, indicates entry of judgment as well as the judge's findings of fact.

The defendant subsequently filed a motion seeking to amend the court's findings and judgment and a motion for a new trial. After hearing, the trial judge denied these motions.

The defendant filed a draft report under Dist.Mun.Cts.R. Civ.P. 64 (1975). The report was not settled and signed by the trial judge until nine months after it had been filed.

The case proceeded to the Appellate Division, which ordered that the report be dismissed pursuant to Dist.Mun.Cts.R.Civ. P. 64(c)(5) (1975). The Appellate Division stated: "Neither a request for an extension of time for draft report settlement, nor a petition to establish a draft report was submitted by the defendant to preserve the viability of his appeal." The defendant then appealed to this court.

The defendant argues (1) that no formal judgment was ever entered on the docket as required by Dist.Mun.Cts.R.Civ.P. 58(a), and, as a consequence, the time for the establishment of a draft report has not yet commenced to run and will not commence to run until such a judgment is entered, and (2) that the failure of the clerk to furnish notice consistent with the last sentence of rule 64(c)(5), suspends the running of the three-month time period established by the rule for settlement of the draft report. We reject these arguments.

1. The defendant's argument concerning the absence of the entry of a formal judgment lacks merit. The trial court docket in the case contains a notation which reads: "Entry of judg and finding Findings (mailed 1/17/86)." While the maintenance of

the docket of the case is unsatisfactory in several respects, there is no question that the defendant received the court's findings and proceeded to deal with the case by means of postjudgment motions, appeal, and preparation of a draft report. The defendant did so as if a judgment on a separate piece of paper had been entered in accordance with Dist.Mun.Cts.R. Civ.P. 58(a). Further, the defendant did not raise with the Appellate Division his present argument about the absence of the entry of a judgment on a separate piece of paper. We conclude that the document entered on January 17, 1986, which bore the docket entry of "judg[ment] and finding", satisfied the requirements for a judgment set forth in *Lewis* v. *Emerson*, 391 Mass. 517, 518-520 (1984), and was treated as a judgment by the defendant. Although that document contained no separate order for judgment, "no confusion . . . [in fact] exist[ed] concerning its import . . . ." 391 Mass. at 520. In the circumstances, the requirements of Dist.Mun.Cts.R.Civ.P. 58(a) were met. We would consider the case to be different if ambiguity in the entry of judgment had caused the defendant not to initiate appellate proceedings.

2. Rule 64(c)(5) provides that the "cause shall proceed as though no request for a report had been made" unless the draft report has been acted upon within three months of its filing or the Appellate Division for cause shown has extended the time for such action. The provision of the rule just described is intended to be automatic. The provision in the rule for notice by the clerk is independent and unrelated to the provision that precedes it, and the procedural duty imposed on the clerk to send notice is directory in nature. Such is the principle applied in cases dealing with generally analogous notice obligations. See, e.g., *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123, 127 (1928); *Home Owners' Loan Corp.* v. *Sweeney*, 309 Mass. 26, 29 (1941). Cf. *Locke* v. *Slater*, 387 Mass. 682, 685-686 (1982) (failure of clerk to furnish notice of entry of judgment as provided for by Dist.Mun.Cts.R.Civ.P. 77(d) [1975] does not suspend a party's obligation to perfect a timely appeal to the Appellate Division). The failure of the clerk to furnish notice, therefore, is of no consequence in determining the

aggrieved party's rights or obligations. See *Sullivan* v. *Jordan*, 310 Mass. 12, 15 (1941); *Higgins* v. *First Natl. Stores, Inc.*, 340 Mass. 618, 620 (1960). The rule puts the burden on the aggrieved party who has the principal interest in keeping the case alive. The case is not one of slight neglect because the draft report languished for nine months before it was acted upon.

3. The decision of the Appellate Division indicates that it found no basis to exercise any authority it may have possessed to excuse the defendant's failure to comply with the deadline established by the rule. Matters of forgiveness of procedural missteps are generally within the sound discretion of the lower court vested with the power to forgive. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433-434 (1979).

*Order of the Appellate Division affirmed.*


KASS, J. (concurring). It is difficult to take satisfaction in the result to which precedent presses us in this case. Strike one, the draft report which was timely filed, idles for eight to nine months in the court files (it was apparently not called to the trial judge's attention until shortly before he settled and signed it); strike two, the District Court clerk fails in his duty under the last sentence of Dist.Mun.Cts.R.Civ.P. 64(c) to notify the parties in the case that the trial judge has not acted on the draft report; and, lo, strike three, after three months of inaction the appellant is out on his ear. On a comparative basis the appellant has exhibited greater diligence and done more work than was produced by the court system, but the very institution which has stumbled summons the fortitude to dump the appeal, which had some merit.

Our decision is out of tune with such cases as *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 79-80 (1975), *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 273-274 (1978), and *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 140 (1978), which distinguish between

time requirements that have the flavor of a statute of limitations and lesser procedural requirements which allow procedural repairs if, as here, there has been a misfire in other parts of the appellate machinery. See and compare *Points East, Inc.* v. *City Council of Gloucester*, 15 Mass. App. Ct. 722, 724 (1983).

Those cases were written in the context or spirit of the relatively modern rules of appellate procedure. The procedural mold from which Appellate Division procedure is cast is the old bill of exceptions in actions at law. See *Mooney* v. *Jud's Home Insulation Co.*, 368 Mass. 809, 810 (1975); *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42, 45 (1983). Accordingly, it is probably correct to apply, as we have, the tripwire cases decided under the old procedure.

The case presents the occasion for recognizing, however, that the vestigial procedure which still governs appeals to the Appellate Division is unfamiliar to much of the bar and, as such, beset with traps. Litigants will be better served when Dist.Mun.Cts.R.Civ.P. 64 is amended so that appeals to the Appellate Division travel in the same manner as that which the rules of appellate procedure prescribe.