Shubow, J.
After the plaintiffs action to recover rent was dismissed on the defendant's motion for failure of the plaintiff to appear for trial, another judge, some two months later, allowed the plaintiff's motion to vacate the order of dismissal upon payment of $600 in counsel fees. The fees were not paid some eight months later when the case was assigned for a pretrial conference. At that point the defendant sought and obtained a dismissal with prejudice. The plaintiff in this Report challenges the authority of the court, once having allowed a motion to dismiss, to allow thereafter a motion to dismiss with prejudice.
An obvious answer to this contention is that the original dismissal having been conditionally vacated at the plaintiff's own insistence, the plaintiff should not be heard to complain later when the courtis called upon to react to the plaintiff's failure to comply with the condition,, a condition not objected to nor sought to be reviewed by the plaintiff so far as the record discloses. The plaintiff had the opportunity to *225 satisfy the wholly reasonable condition by tendering the costs between April 26, 1988, when her motion to vacate the order of dismissal was allowed and December 29, 1988, when the defendant's motion to dismiss with prejudice was decided. Thereafter, it was too late. See Parrell v. Keenan, 389 Mass. 809, 818 (1983).
Passing over the fact that in any event the plaintiffs claim of report and draft report were untimely filed,[1] the authorities relied on by her are of .no relevance. Hackney v. Butler, 339 Mass. 605 (1959), deals with late filing of a bill of exceptions and has nothing to do with the claim of the plaintiff that, having conditionally dismissed a case,the judge could not go on, as a matter of discretion, to deal with the plaintiffs failure to act responsibly. The plaintiff fails to assert when, if ever, she proposed to tender the payment ordered. Higgins v. First National Stores, Inc., 340 Mass. 618 (1960), likewise affords the plaintiff no help. It simply held that a bill of exceptions may not be allowed after a case has gone to judgment. There is little point in canvassing the other authorities relied on because they deal only with the absence of authority in a court to deal with cases that have gone to final judgment. The present case was in a wholly different posture. The action taken by the judge was within the range of equitable discretion to deal fairly with the interests of both parties in the case of defaults and the like. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 291 (1984); Woo v. Moy, 17 Mass. App. Ct. 949, 949-950 (1983).
In the absence of any showing of prejudicial error, the Report is dismissed.*

 Former Presiding Justice Black took no part in the hearing of this case.

 The docket shows the trial court's final action was entered on December 21,1988. The plaintiffs filings were January 4, 1989. Requests for reports must be filed within ten days after entiy of judgment. Dist./Mun. Cts. Rules of Civil Procedure, Rule 64(c) (1).