Dohoney, J.
This case presents the issue of the failure of the Trial Justice to act on a Draft Report within three months and the timeliness of the Petition to Establish the Report
Judgment entered on the Complaint and the Counterclaim on September 27,1989. Plaintiff filed a Motion for a New Trial on October 10,1989. The Trial Justice denied this Motion on November 14,1989. The Plaintiff filed a Draft Report on November 17, 1989. Thehearingwasscheduledforjanuary30,1990, and apparently held. The Trial Justice took no action. The Clerk-Magistrate did not send notice pursuant to Dist/ Mun. Cts. R. Civ. P., Rule 64(c) (5). On March 7,1990, the Plaintiff filed a Petition to Establish the Report This Petition was heard by this Division and referred to the Trial Justice to settle the Report. The Trial Justice settled the Report in a manner not in conformity with the Draft Report and not agreeably with the Plaintiff. The Plaintiff filed a Renewed or Substitute Petition to Establish Report The Renewed Petition is the basis of this appeal.
This case once again brings to issue the very complex system of appeals to the Appellate Division.
Initial^ we note that Plaintiff is correct in asserting that the Trial Justice cannot settle a Report in a manner which is inconsistent with the Draft Report or not agreeable to the appealing party. See PERLIN & CONNORS, HANDBOOKOF CIVIL PROCE *100 DURE IN THE MASSACHUSETTS DISTRICT COURT, Second Edition, p. 248 to the effect that
If the judge signs a report with which the party appealing does not agree ... this report is a nullity and this action should be construed by the party seeking appeal as a disallowance of the draft report...
However, in reviewing the appellate history of this case it appears that this Division should not have remanded the matter to Trial Justice to settle the Report but should have denied the original Petition to Establish Report. The docket entries reflect that the Draft Report was filed on November 27,1989. The next substantive action occurs on March 7,1990, when the Plaintiff filed the Petition to Establish Report This was more than three months from the filing of the Draft Report. Dist./Mun. Cts. R Civ. P., Rule 64 (c) (5) provides that if there is no action on a Draft Report for three months and there is no Petition for the Establishment of a Report the matter shall proceed as if no request for report had been made. PERLIN & CONNORS, supra, p. 248 deal with this situation as follows:
In any event, if final action on a draft report is not taken by the trial judge within three months after the filing of the draft report, the party who requested the report will losehisorher appellate rights unless either of two actions is taken. Thatpartymay (1) make a motion for cause to the Appellate Division, requesting the three-month period be extended, or (2) force the issue by filing a petition to establish the report with the Appellate Division before the three-month period expires.
We would also note that the failure of the Clerk-Magistrate to send the notice required by Dist/Mun. Cts. R. Civ. P., Rule 64(c) (5) does not toll the running of the three month period. Brown v. Quinn, 27 Mass. App. Ct. 288 (1989).
Although this case has not been presented to us on the basis of a showing of cause to extend the three month period, we reasonably conclude that such a request might be made. Without prejudging the issue, we would encourage counsel to seek to agree to file contents of a Draft Report. Each hasputconsiderable effort into their respective versions. We would suggest that the'Draft Report should contain a summary of all the relevant evidence and that each party not seek to confine the summary to evidence favorable to its position.
Thus, the Renewed Petition to Establish Report is Denied.