Gelinas, J.
Plaintiff Victor Tereba, d/b/a Ian’s Auto Sales brought suit in district court seeking review of an award by the American Arbitration Association in favor of defendant Joseph R. Sbrogna.
After full hearing, a district court judge dismissed plaintiffs complaint, confirmed an Arbitration Award in the amount of $3,564.73 and allowed defendant Sbrogna’s motion for attorney’s fees in the amount of $1,690.00.
The judge’s detailed written findings of fact, including a separate section entitled “order,” were dated February 23,1995 and entered on the docket of the case on March 6,1995, with copies sent to all parties. In his order the judge, inter alia, allowed defendant to file a motion for attorney’s fees; defendant timely filed the motion and after hearing the judge awarded attorney’s fees on March 31, 1995. Concurrently plaintiff filed a motion to set aside the judge’s order of dismissal and to reverse confirmation of the Arbitrator’s Award. This motion was denied as well on March 31,1995. The judge’s actions with regard to these motions were entered on the docket of the case, with notice of the courf s action in these motions sent to all parties on April 7,1995.
On June 23, 1995 in response to Sbrogna’s motion for “execution on the judgment and order which granted damages...”, the district court issued a writ of execution reciting that the judgment entered on March 31, 1995 was for plaintiff, when in fact judgment had entered for defendant Sbrogna, the plaintiff in counterclaim. Thereafter, on July 21,1995 plaintiff filed a claim of appeal together with the requisite filing fee.
The record shows additional entries subsequent to the notice of appeal; defendant filed a motion for entry of judgment which was allowed by a judge other then the judge who originally entered judgment; a motion to supersede execution and vacate judgment, again allowed by a judge other than the original judge, a second notice of appeal, a motion to attach property and finally this appeal on the record.
We dismiss the appeal and affirm the trial judge’s finding and order, as plaintiff’s appeal on the merits has been filed long after the time specified in Dist./Mun. Cts. R. A D. A, Rule 4. Although no “separate document” under Dist./Mun. Cts. R. Civ. R, Rule 58(a) was entered by the clerk-magistrate in the case until June 23, 1995 and that document contained ministerial error, all events concluding the matter entering judgment and giving notice had occurred by March 31,1995, requiring notice of appeal under Rule 4 no later than April 10,1995. Where a judgment is distinct from other parts of a document in which it is contained, such that no confusion can exist concerning its import and that “judgment” is noted on the court’s docket with notice given to the parties, the requirements of Mass. R. Civ. R, Rule *4 58(a) will be considered met, see Brown v. Quinn, 537 N.E.2d 1258 (1989) and Lewis, et al. v. Emerson, et al. Trustees, 462 N.E.2d 295 (1984). In this case the trial judge’s order is distinct from his findings and was entered on the docket in February of 1995 with notice to the parties. His rulings and order on the motion for attorney’s fees and denial of the motion to reconsider are also clear and distinct, and endorsed on the docket, with notice again given the parties.
The time for claiming appeal having expired, this appeal is dismissed, and the judgment of the trial court in all respects is affirmed. The Clerk-Magistrate of the Worcester Central District Court shall prepare and file a judgment in accordance with Dist./Mun. Cts. R. Civ. R, Rule 58(a) adding post-judgment interest in the appropriate amount and further issue execution in the ordinary course.